IN RE BYARD, APPELLANT, *v.* BYLER, APPELLEE.

[Cite as *In re Byard* (1996), 74 Ohio St.3d 294.]

(No. 94–1693—Submitted November 8, 1995—Decided January 17, 1996.)

---

*Southeastern Ohio Legal Services* and *Jeffrey M. Ginsburg,* for appellant.

*Woodard & Bohse* and *Frederick H. Bohse; Connolly, Hillyer & Welch* and *Kenneth R. Welch,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Karen Lazorishak,* Assistant Attorney General, urging reversal for *amicus curiae,* Ohio Department of Human Services.

*John S. Marshall,* urging reversal for *amici curiae,* National Center on Women and Family Law, Inc., Association for Children for Enforcement of Support ("ACES"), Ohio National Organization for Women, and Ohio · National Organization for Women Education and Legal Fund.

*Ohio State Legal Services Association* and *Michael R. Smalz,* urging reversal for *amici curiae,* Clearfield County, Pennsylvania ACES, Washtenaw County,

Michigan ACES, Fayette County, Kentucky ACES, Franklin County, Ohio ACES, and Wisconsin ACES.

---

ALICE ROBIE RESNICK, J. The issue presented by this case is whether Ohio's Uniform Reciprocal Enforcement of Support Act ("URESA"), R.C. Chapter 3115, grants a court subject matter jurisdiction to determine child custody and visitation rights. The purpose of URESA is to "improve and extend by reciprocal legislation the enforcement of *duties of support*" across state lines. (Emphasis added.) R.C. 3115.01(A); *Levi v. Levi* (1960), 170 Ohio St. 533, 11 O.O.2d 364, 166 N.E.2d 744, syllabus. More specifically, R.C. 3115.29 strictly limits to matters of support the court's subject matter jurisdiction in a URESA action:

"Participation in any proceedings under sections 3115.01 to 3115.34, inclusive, of the Revised Code, does not confer upon any court jurisdiction over any of the parties thereto in any other proceeding." See, also, generally, *San Diego Cty. v. Elavsky* (1979), 58 Ohio St.2d 81, 12 O.O.3d 88, 388 N.E.2d 1229.

No provision in Ohio's URESA grants the court subject matter jurisdiction over a disputed matter other than paternity and child support.[1] In an action involving disputed child support that was initiated pursuant to URESA, the court has no subject matter jurisdiction to consider visitation and custody matters. The issue of subject matter jurisdiction cannot be waived and therefore can be raised at any time during the proceedings. Civ.R. 12(H)(3); *State ex rel. Lipinski v. Cuyahoga Cty. Court of Common Pleas, Probate Div.* (1995), 74 Ohio St.3d 19, 21–22, 655 N.E.2d 1303, 1306; *Springfield Local School Dist. Bd. of Edn. v. Lucas Cty. Budget Comm.* (1994), 71 Ohio St.3d 120, 121, 642 N.E.2d 362, 364; *In re Palmer* (1984), 12 Ohio St.3d 194, 196, 12 OBR 259, 261, 465 N.E.2d 1312, 1314.

This holding is consistent with Ohio's requirement that support issues and visitation and custody issues be determined separately from each other. R.C. 3109.05(D). For URESA actions, R.C. 3115.21(B) sets forth the single narrow exception to this rule, pursuant to which a court may suspend *already established*

---

1. As we stated above, the subject matter jurisdiction of URESA is limited to matters of child support. R.C. 3115.24 provides the one narrow statutory exception to this rule. Pursuant to this provision, the court may consider and adjudicate a paternity defense. The court in the instant case considered this defense and determined that appellee was indeed Courtney's father. The court of appeals in the instant case apparently confused the issues of "paternity" as set forth in R.C. 3115.24 and "parenting" as defined in R.C. 3109.21. The latter term and definition are not a part of URESA and therefore do not confer jurisdiction over custody and visitation rights in a URESA action.

visitation rights if the parent owing support has willfully failed to provide such support.[2] This situation is not presented by the case at bar.

Other jurisdictions are in accord with the holding that a petition filed pursuant to URESA does not confer jurisdiction for custody and visitation issues. See, e.g., *Mississippi Dept. of Human Serv. v. Marquis* (Miss.1993), 630 So.2d 331; *Hood v. Hood* (1985), 146 Vt. 195, 499 A.2d 772; *State ex rel. Dewyea v. Knapp* (1984), 208 Mont. 19, 674 P.2d 1104; *England v. England* (Minn.1983), 337 N.W.2d 681; *State ex rel. Hubbard v. Hubbard* (1983), 110 Wis.2d 683, 329 N.W.2d 202; *People ex rel. Meveren v. Larimer Dist. Court* (Colo.1982), 638 P.2d 1371; *Moffat v. Moffat* (1980), 27 Cal.3d 645, 165 Cal.Rptr. 877, 612 P.2d 967; *Hoover v. Hoover* (1978), 271 S.C. 177, 246 S.E.2d 179; *Kline v. Kline* (1976), 260 Ark. 550, 542 S.W.2d 499.

If appellant has in fact denied appellee his rightful visitation rights with Courtney, appellee has options of enforcement through actions other than a URESA action. See, e.g., R.C. 3109.21 through 3109.37 (Uniform Child Custody Jurisdiction Act). In an action commenced pursuant to URESA, the custodial parent requesting support enforcement has no notice that visitation and custody issues will be raised. This lack of notice may place the custodial parent at a considerable legal disadvantage. The custodial parent's interests in collecting child support pursuant to URESA are represented by the Child Support Enforcement Agency ("CSEA") through the county prosecutor's office. R.C. 3115.16(B); 3115.22(A). Once the issues of custody and visitation are introduced into the proceedings, CSEA's and the custodial parent's interests diverge. Unless the custody and visitation action is properly initiated, the custodial parent has no notice that this issue will be addressed by the court and therefore no reason to obtain proper independent legal representation.

Accordingly, we hold that Ohio's URESA, R.C. Chapter 3115, does not confer subject matter jurisdiction over issues concerning child custody and visitation in an action for child support enforcement. Because our holding on appellant's first proposition of law is fully dispositive of this action, we decline to address her second proposition. The judgment of the court of appeals is reversed and this

---

2. In *Porter v. Porter* (1971), 25 Ohio St.2d 123, 54 O.O.2d 260, 267 N.E.2d 299, paragraph four of the syllabus, this court held that in a URESA action, a court may condition a father's duty to support the children upon the mother's compliance with reasonable visitation privileges. However, the decision in *Porter* rested on R.C. 3103.02, which required the mother to conform her place of living to the husband's choice. The General Assembly repealed this statute in 1974 when it revised the domestic relations statutory scheme. (135 Ohio Laws, Part II, 603.) According to the statutes in place today, a visitation-rights action is a separate and distinct action from a support action, and a petition filed in the latter action does not confer jurisdiction over issues determined in the former action.

cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., DOUGLAS, WRIGHT, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.