MEMORANDUM OPINION
{¶ 1} On February 10, 2004, appellant, James T. Flaherty, filed a notice of appeal from an October 7, 2003 judgment of the Lake County Court of Common Pleas, Probate Division. Thus, appellant's notice of appeal was filed one hundred twenty-six days after the judgment had been issued by the trial court.
 {¶ 2} Appellee, Richard T. Spotz, Jr., filed a motion to dismiss this appeal because it is untimely and patently frivolous. Appellee also seeks attorney fees and expenses pursuant to App.R. 23.
 {¶ 3} Appellant counters with the claim that the appealed judgment is void for lack of jurisdiction and, therefore, there is no time limit for bringing an appeal.
 {¶ 4} Appellant is mistaken. The cases relied upon by appellant stand for the proposition that the issue of lack of jurisdiction can be raised at any time in the proceedings, including on appeal even if the issue was not raised in the trial court. Jenkins v. Keller (1996), 6 Ohio St.2d 122; Fox v.Eaton (1976), 48 Ohio St.2d 236; In re Byard (1996),74 Ohio St.3d 294. These cases do not stand for the proposition that the time limits imposed by the appellate rules regarding the filing of a notice of appeal are waived whenever a jurisdictional issue is raised.
 {¶ 5} App.R. 4(A) states:
 {¶ 6} "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 7} Loc.R. 5(C) of the Eleventh District Court of Appeals provides:
 {¶ 8} "In the filing of a Notice of Appeal in civil cases in which the trial court clerk has not complied with Civ.R. 58(B),and the Notice of Appeal is deemed to be filed out of rule,
appellant shall attach an affidavit from the trial court clerk stating that service was not perfected pursuant to Ohio App.R. 4(A). The clerk shall then perfect service and furnish this Court with a copy of the appearance docket in which date of service has been noted. Lack of compliance shall result in the sua sponte
dismissal of the appeal under Ohio App.R. 4(A)." (Emphasis sic.)
 {¶ 9} In the present case, appellant has not complied with the thirty-day rule set forth in App.R. 4(A) nor has appellant alleged that there was a failure by the trial court clerk to comply with Civ.R. 58(B). The time requirement is jurisdictional in nature, and may not be enlarged by an appellate court. Stateex rel. Pendell v. Adams Cty. Bd. of Elections (1988),40 Ohio St.3d 58, 60; App.R. 14(B).
 {¶ 10} Accordingly, appellee's motion to dismiss is hereby granted. The issue of whether appellee is entitled to attorney fees and expenses will be addressed at a later time.
Appeal dismissed.
Grendell, J., Rice, J., concur.