{¶ 59} I respectfully dissent from the holding of the majority.
 {¶ 60} It appears as if this is a case of first impression. Once appellant submitted himself to the jurisdiction of the Geauga County Court of Common Pleas for purposes of child custody proceedings, pursuant to R.C. 3127.15 and R.C. 3127.17, it is my position he also waived any jurisdictional argument he has as to child support enforcement.
 {¶ 61} The jurisdiction of the domestic relations court as applied to the instant case is set forth at R.C. 3109.04(A). R.C. 3109.04(A) provides in part: "[i]n any divorce, legal separation, or annulment proceeding and in any proceeding pertaining to the allocation of parental rights and responsibilities for the care of a child, * * * the [domestic relations] court shall allocate the parental rights and responsibilities for the care of the minor children of the marriage."
 {¶ 62} Rights and responsibilities include support, visitation, and companionship.
 {¶ 63} Specifically, R.C. 3105.65(B) provides in part: *Page 17 
 {¶ 64} "* * * The court has full power to enforce its decree and retains jurisdiction to modify all matters pertaining to the allocation of parental rights and responsibilities for the care of the children, to the designation of a residential parent and legal custodian of the children, to child support, to parenting time of parents with the children, and to visitation for persons who are not the children's parents."
 {¶ 65} The legislature, through R.C. 3109.04(A) and R.C. 3105.65(B), has established that the trial courts' subject matter jurisdiction in parenting proceedings properly pending before them, and dealing with the custody of a minor child, includes support.
 {¶ 66} Furthermore, the Supreme Court of Ohio, in its holding inPegan v. Crawmer (1996), 76 Ohio St.3d 97, 99, quoting R.C. 3111.13(C), stated that: "`The judgment or order [determining the existence or nonexistence of the parent and child relationship] may contain any otherprovision directed against the appropriate party to the proceeding,concerning the duty of support, the furnishing of bond or other security for the payment of the judgment, or any other matter in the bestinterest of the child. (* * *)'" (Emphasis sic.)
 {¶ 67} The legislature has vested the common pleas court with subject matter jurisdiction over visitation and companionship and, therefore, the issue of support where custody is pending is not an issue of non-waivable jurisdiction but, rather, one of venue, which is waivable.
 {¶ 68} In this matter before us, appellant contends that the domestic relations court lacked subject matter jurisdiction over child support despite the parties having consented to the court's jurisdiction for purposes of parenting proceedings, custody, and visitation. Once a party has submitted to the jurisdiction of the court involving custody *Page 18 
and visitation, the trial court is duty bound to determine all of the ancillary rights and responsibilities of the parties concerning the children, including support, companionship, applicable health insurance coverage and any other statutorily required order. Custody proceedings include proceedings in which a court awards custody and visitation and determines the rights and duties of the parents in regard to their role as parents, including support. Furthermore, when a judgment that awards custody of a child defers the issue of child support for future determination, it will not constitute a final appealable order. SeeIn re Mills (May 31, 2000), 4th Dist. No. 99CA2664, 2000 Ohio App. LEXIS 2545; In re Stiffler (Dec. 14, 1993), 4th Dist. No. 93CA830, 1993 Ohio App. LEXIS 5975; Ackley v. Ackley (June 18, 1993), 4th Dist. No. 92 CA 1924, 1993 Ohio App. LEXIS 3250. See, also, Shively v. Shively (Sept. 22, 1994), 10th Dist. No. 94APF02-249, 1994 Ohio App. LEXIS 4130.
 {¶ 69} It is clear that once a party submits to jurisdiction for "parenting proceedings" they cannot "cherry pick" the ones that are convenient.
 {¶ 70} Based on the foregoing, once the parties submit themselves to the jurisdiction of the court, via the child custody affidavit, the Geauga County Court of Common Pleas possesses statutory jurisdiction to make custody and visitation orders, as well as those of child support, as part of that order under R.C. 3105.65. To hold otherwise would create an absurd result in contravention of the custody statutes wherein a court could modify custody but not award support.
 {¶ 71} The Supreme Court of Ohio, however, has specifically limited the seeking of custody under the Ohio Uniform Reciprocal Enforcement of Support Act. In In re Byard (1996), 74 Ohio St.3d 294, at the syllabus, the court held that: "Ohio's Uniform Reciprocal Enforcement of Support Act (`URESA), R.C. Chapter 3115, does not confer *Page 19 
subject matter jurisdiction over issues concerning child custody and visitation in an action for child support enforcement." In so holding, the Supreme Court noted that in a URESA action, seeking support only, the custodial parent requesting support enforcement has no notice that visitation and custody issues will be raised. Id. Conversely, the record in this case, discloses no lack of notice concerning visitation and custody or the need to seek support. Once the court establishes jurisdiction over child custody and parenting proceedings, it also acquires jurisdiction over all the other rights and responsibilities specified in R.C. Chapter 3105 and R.C. Chapter 3109.
 {¶ 72} Accordingly, I dissent. *Page 1