[Cite as *BAC Home Loans Servicing, L.P. v. Meister*, 2013-Ohio-873.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| BAC HOME LOANS SERVICING, L.P. f.k.a. COUNTRYWIDE HOME LOANS SERVICING, L.P., | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellee, | : | **CASE NO. 2012-L-042** |
| - vs - | : | |
| JOSEPH A. MEISTER, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 10CF000262.

Judgment: Affirmed.

*Jeffrey R. Helms* and *Patricia K. Block*, Lerner, Sampson & Rothfuss, 120 East Fourth Street, 8th Floor, P.O. Box 5480, Cincinnati, OH 45201-5480 (For Plaintiff-Appellee).

*Joseph A. Meister*, pro se, 9007 Woodbridge Lane, Mentor, OH 44060 (Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Joseph A. Meister, pro se, appeals the judgment of the Lake County Court of Common Pleas denying his Civ.R. 60(B) motion seeking relief from a default judgment, which resulted in foreclosure of his real property. For the reasons that follow, the judgment is affirmed.

{¶2} On January 27, 2010, appellee, BAC Home Loans Servicing, L.P. ("BAC"), filed a complaint for foreclosure, alleging appellant's default on a note in the sum of

$84,011.41, plus interest. The record indicates appellant was successfully served, though he did not respond to the complaint. Upon BAC's motion, the court entered default judgment in the amount set forth in the complaint on May 12, 2010. No appeal was taken from this judgment.

{¶3} On February 24, 2012, appellant, represented by counsel, moved for relief from the default judgment, pursuant to Civ.R. 60(B). In his motion, appellant alleged that BAC committed a fraud upon the court in that it was not the owner of the note. Appellant also attempted to stay the impending sheriff's sale, which was denied. The real property, appraised at $78,000.00, was subsequently sold to appellee at sheriff's sale for $52,000.00. Shortly thereafter, the trial court denied appellant's Civ.R. 60(B) motion. In a later entry, the trial court confirmed the sale and denied appellant's motion to stay.

{¶4} Appellant now appeals and presents three assignments of error for consideration by this court. Appellant's first assignment of error states:

{¶5} The trial court committed prejudicial error in denying defendant-appellant's motion to for relief [sic] from judgment, and subsequently confirming the Sheriff Sale. The documents and pleadings before the court demonstrate no justiciable matter between Plaintiff BAC Home Loans Servicing, LP and Defendant Joseph A. Meister. The court lacked subject matter jurisdiction to hear the case upon filing, and thus the judgment rendered is VOID *ab initio*.

2

**{¶6}** Under his first assignment of error, appellant claims the trial court erred in denying his Civ.R. 60(B)(5) motion because the documents before the court indicated that BAC "was not the real party in interest" upon the filing of the complaint such that it lacked standing to invoke the subject matter jurisdiction of the court. The lack of subject matter jurisdiction is an issue that cannot be waived and may be raised at any time. *Byard v. Byler*, 74 Ohio St.3d 294, 296 (1996). A claim that a trial court lacks subject matter jurisdiction is reviewed de novo. *Id.*

**{¶7}** The issue of standing in the context of a mortgage foreclosure action has developed significantly since the parties filed their briefs in this appeal. Previously, the Ohio Supreme Court in *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70 (1998) indicated that standing is not jurisdictional, explaining that, pursuant to Civ.R. 17, "lack of standing may be cured by substituting the proper party so that a court otherwise having subject matter jurisdiction may proceed to adjudicate the matter." *Id.* at 77. Relying on this proposition, this court held standing to not be jurisdictional. *Aurora Loan Servs., LLC v. Cart*, 11th Dist. No. 2009-A-0026, 2010-Ohio-1157; *Waterfall Victoria Master Fund Ltd. v. Yeager*, 11th Dist. No. 2011-L-025, 2012-Ohio-124; *Everhome Mtge. Co. v. Berhrens*, 11th Dist. No. 2011-L-128, 2012-Ohio-1454; *Bank of New York Mellon Trust Co., N.A. v. Shaffer*, 11th Dist. No. 2011-G-3051, 2012-Ohio-3638.

**{¶8}** Recently, however, the Ohio Supreme Court released *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, wherein it criticized *Jones* and held that standing is jurisdictional. *Id.* at ¶22 & ¶29. As it is a jurisdictional requirement, the Supreme Court concluded that standing must be determined as of the commencement of the suit. *Id.* at ¶24. It further emphasized that Civ.R. 17(A),

3

requiring actions to be prosecuted in the name of the real party in interest, does not address standing but, instead, merely concerns proper party joinder. *Id.* at ¶33. Thus, "a lack of standing at the outset of litigation *cannot* [subsequently] be cured by receipt of an assignment of the claim or by substitution of the real party in interest." (Emphasis added.) *Id.* at ¶41.

{¶9} We recently had occasion to evaluate the import of *Schwartzwald* as applied to the prior holdings of this court. In *Fed. Home Loan Mtge. Corp. v. Rufo*, 11th Dist. No. 2012-A-0011, 2012-Ohio-5930, we expressly overruled the holdings in *Cart*, *supra*; *Yeager*, *supra*; *Behren*, *supra*; and *Shaffer*, *supra*, to the extent they were inconsistent with *Schwartzwald*. *Id.* at ¶29. Upon review, *HSBC Bank v. Scacchi*, 11th Dist. No. 2012-G-3062, 2012-Ohio-5441, though not included in this list, must additionally be overruled to the extent it is inconsistent with *Schwartzwald* on the issue of standing.

{¶10} Turning, then, to the arguments advanced by appellant in this present appeal, and in accord with our decision in *Rufo*, BAC was "required to have an interest in the note or mortgage when it filed this action in order to have standing to invoke the jurisdiction of the trial court." *Rufo* at ¶30. The record indicates the mortgage was assigned *prior to* the initiation of the action, a copy of which was attached as "Exhibit C" to the complaint. The assignment of the mortgage, though not containing an express transfer of the note, was sufficient to transfer both the mortgage and the note. *Rufo* at ¶44. The notarized assignment instrument attached to the complaint states that Mortgage Electronic Registration Systems, Inc., as nominee for America's Wholesale Lender, transferred the mortgage of the subject parcel to BAC. As BAC established it

4

held the note at the time it filed the complaint, BAC established it had standing to bring this foreclosure against appellant. Thus, we reject appellant's contention that the trial court lacked subject matter jurisdiction to hear the case.

**{¶11}** Accordingly, appellant's first assignment of error is without merit.

**{¶12}** Appellant's second assignment of error states:

**{¶13}** "The trial court committed prejudicial error in denying defendant-appellant's Civ.R. 60(B)(5) motion for relief from judgment where the default judgment was the result of fraud upon the court."

**{¶14}** In his second assignment of error, appellant contends the trial court erred in denying his Civ.R. 60(B) motion because BAC perpetuated a fraud upon the court by purporting to own the mortgage via assignment when, in fact, it did not.

**{¶15}** To a certain extent, the merits of this contention are already addressed above. As an additional point, however, it must be reiterated that a Civ.R. 60(B) motion must be timely, i.e., not more than one year after the judgment or order was entered where the grounds of relief are Civ.R. 60(B)(1)-(3); otherwise, the motion must be made within a reasonable time. *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

**{¶16}** Here, appellant's motion alleging fraud by BAC is untimely in that it was made well after one year from the May 12, 2010 default judgment. Appellant argues he is alleging fraud through Civ.R. 60(B)(5), which does not involve the one-year time requirement. However, such section is a "catch-all" provision allowing parties to assert grounds for relief not expressly enumerated elsewhere in the rule. *See Caruso-Cirersi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66 (1983) (explaining the grounds for invoking Civ.R.

5

60(B)(5) must not be used as a "substitute for any of the other more specific provisions of Civ.R. 60"). As fraud by an adverse party is expressly provided for in Civ.R. 60(B)(3), appellant may not characterize his efforts as a Civ.R. 60(B)(5) attempt simply to avoid the one-year time requirement. We recognize a party may use Civ.R. 60(B)(5) to raise the issue of fraud upon the court; however, this concept has been distinguished from fraud by an adverse party and has been carefully limited to the occasion where an "officer of the court * * * actively participates in defrauding the court." *Coulson v. Coulson*, 5 Ohio St.3d 12, 15 (1983). It therefore cannot be concluded that the trial court abused its discretion in denying appellant's Civ.R. 60(B) motion.

{¶17} Appellant's second assignment of error is without merit.

{¶18} Appellant's third assignment of error states:

{¶19} "The trial court committed prejudicial error in denying defendant-appellant's Civ.R. 60(B)(5) motion for relief from judgment without first holding a hearing to consider the merits of the appellants motion [sic]."

{¶20} In his final assignment of error, appellant argues he was entitled to a hearing on the Civ.R. 60(B) motion. It is well founded that "'[i]f the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion.'" *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19 (1996), quoting *Coulson v. Coulson*, 5 Ohio St.3d 12, 16 (1983). As explained above, however, appellant did not set forth specific allegations of operative facts that would warrant relief. Therefore, as a hearing is not automatically

6

required, and as no allegations were set forth which warranted relief, the court did not abuse its discretion in failing to hold a hearing.

{¶21} Appellant's third assignment of error is without merit.

{¶22} The judgment of the Lake County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.