[Cite as *BAC Home Loans Servicing LP v. Busby*, 2013-Ohio-1919.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

BAC HOME LOANS SERVICING LP          :

      Plaintiff-Appellee          :          C.A. CASE NO.     25510

v.          :          T.C. NO.     09CV10420

JIMMIE A. BUSBY, et al.          :          (Civil appeal from
                                            Common Pleas Court)

      Defendants-Appellants          :

                                                :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____10th_____ day of _____May_____, 2013.

. . . . . . . . . .

DARRYL E. GORMLEY, Atty. Reg. No. 0067595, 30455 Solon Rd., Solon, Ohio 44139
      Attorney for Plaintiff-Appellee

JIMMIE A. BUSBY and PATTIE BUSBY, 251 Trumpet Drive, West Carrollton, Ohio 45449
      Defendants-Appellants

. . . . . . . . . .

FROELICH, J.

{¶ 1}   Jimmie and Pattie Busby appeal from a judgment of the Montgomery County Court of Common Pleas, which denied their "Amended Motion to Vacate Void

Judgment." The trial court had previously granted a default judgment to BAC Home Loans Servicing LP on its claims for a judgment and a decree of foreclosure concerning the Busbys' residential property. For the following reasons, the trial court's judgment will be affirmed.

## I. Procedural History

{¶ 2} On December 22, 2009, BAC Home Loans Servicing LP (BAC) filed a complaint against the Busbys in the Montgomery County Court of Common Pleas.[1] BAC alleged that it was the holder of a promissory note and mortgage concerning the purchase of 251 Trumpet Drive in West Carrolton, Ohio, and that the note was in default in the amount of $173,333.67 as of December 1, 2008. BAC sought a judgment on the note, foreclosure of the mortgage, and the sale of the property.

{¶ 3} BAC attached a copy of the note to the complaint as Exhibit A. The note indicated that the Busbys promised to pay to Countrywide Bank, FSB, over a period of 30 years, the principal amount of $174,511, plus interest at a rate of 6.25%. The final page of the exhibit was an allonge, which stated:

> This Allonge is incorporated to the Note in the original principal amount of
>
> $174,511.00 executed by Jimmie A. Busby and Pattie Busby, in favor of
>
> Countrywide Bank, FSB dated 04/22/2008.
>
> Pay to the order of: BAC Home Loans Servicing LP

The allonge was signed for Countrywide Bank, FSB by R. Rice. A stamp underneath her

---

[1] The complaint also named the Montgomery County Treasurer as a party with a possible interest in the property. The claims against the treasurer are not relevant to this appeal and will not be discussed.

signature stated "Rhoena Rice – Vice President."

**{¶ 4}** Attached to the complaint as Exhibit B was an open-end mortgage for the Trumpet Drive property. The mortgage named the Busbys as the mortgagors and Mortgage Electronic Registration Systems, Inc. (MERS) as the mortgagee, as nominee for Countrywide, the lender. Exhibit C was an assignment of mortgage, dated December 15, 2009, assigning the Busbys' mortgage from MERS to BAC. The assignment of mortgage was notarized by Shannon Manning, whose commission expired on June 14, 2011.

**{¶ 5}** The Busbys were personally served with the complaint and summons by a deputy sheriff on December 24, 2009. Service by certified mail was completed on the same day; Mr. Busby signed the mail receipts for himself and his wife.

**{¶ 6}** The Busbys failed to file an answer or otherwise respond to the complaint. Accordingly, BAC moved for a default judgment. On February 4, 2010, the trial court entered a default judgment against the Busbys in the amount of $173,333.67 plus interest from December 1, 2008. The mortgage was foreclosed, and the property was subsequently ordered to be sold.

**{¶ 7}** On June 23, 2010, before the sale occurred, the Busbys moved to "vacate the void judgment," claiming that BAC lacked standing and failed to prove its damages. In their supporting memorandum, the Busbys' motion asserted that, prior to the filing of BAC's foreclosure action, the Busbys filed "qualified written requests" (QWR), pursuant to the Real Estate Settlement Procedures Act (RESPA), in the Lamar County (Georgia) Superior Court regarding the note and mortgage at issue;[2] the Busbys claimed that BAC failed to respond to

---

[2] A "qualified written request" means "a written correspondence, other than notice on a payment coupon or other

the QWRs and that the bank's failure to accept the Busbys' "tender of payment of $195,000 and to produce Defendant's original genuine wet-ink signature note" demonstrated that BAC did not have standing to pursue foreclosure.

{¶ 8}   A hearing on the Busbys' motion to vacate void judgment was held on October 28, 2010.[3]   The record does not contain a transcript of that hearing, and the Busbys indicated at oral argument that they did not attend.   On November 2, 2010, the trial court summarily denied the Busbys' motion.   The Busbys did not appeal the trial court's ruling.

{¶ 9}   Between December 2010 and May 2012, several orders to sell the Trumpet Drive property were entered and, upon motion by BAC, withdrawn.   One delay was due to Mrs. Busby's filing of a bankruptcy petition.

---

payment medium supplied by the servicer, that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."   12 U.S.C. 2605(e)(1)(B).   Under RESPA, if a servicer of a federally related mortgage loan receives a "qualified written request" from a borrower, the servicer must acknowledge receipt of the request within five days and, within 30 days, must take certain actions in response to the request.   12 U.S.C. 2605(e)(1)(A) and (e)(2).   The failure to comply with these requirements can result in liability to the borrower for damages and costs.   12 U.S.C. 2605(f).

We state no opinion whether the Busbys' correspondence to BAC constituted a QWR, as defined by RESPA. Moreover, we are not aware of any authority that has held that a RESPA claim entitles the borrower to enjoin a foreclosure action. *See, e.g., Gray v. Central Mtge. Co.*, No. C 10-00483 RS, 2010 WL 1526451, *3 (N.D.Cal. Apr. 14, 2010) (none of the remedies in 12 U.S.C. 2605(f) "would permit an injunction against foreclosure"); *St. James v. JP Morgan Chase Bank Corp.*, No. 10CV1893-IEG POR, 2010 WL 3703315, *2 (S.D.Cal. Sept. 15, 2010) ("the remedy for a violation of RESPA is monetary damages and costs, not injunctive relief").

[3]   The hearing was originally scheduled for October 7, 2010.   After the Busbys moved for a continuance, the trial court reset the hearing for October 28, 2010.   On October 27, 2010, the Busbys asked the hearing be delayed until the Ohio Attorney General could complete his investigation of BAC.   The trial court denied this motion.

{¶ 10}   On June 26, 2012, the Busbys filed an "amended motion to vacate void judgment," which raised substantially the same arguments as those raised in their prior motion.[4]   The trial court summarized the parties' arguments regarding this motion as follows:

Defendants argue that their motion is timely because the material fraud committed by [Shannon] Manning[, the notary who signed MERS's assignment of mortgage,] is newly discovered evidence.   Defendants also argue that they never admitted to signing any documents, and even if they had admitted to signing the documents, a signature procured through fraud is a forgery.   Further, Ohio Civil Rule 60(B)(1) is remedial and should be liberally construed.   Defendants also claim they have asserted a meritorious defense.   Defendants argue that Plaintiff is not the real party in interest and lacks standing.   Therefore, this Court lacks jurisdiction and the case should be dismissed.   Defendants also contend that the judgment entered while this Court lacked jurisdiction is void.

Plaintiff argues that Defendants['] motion should be overruled because it is untimely and fails to raise any meritorious claims or defenses, as required under Ohio Civil Rule 60(B).   Plaintiff asserts that Defendants are seeking relief under 60(B)(2) and /or (3) and therefore the motion had to be filed within a year of the judgment.   Defendants failed to file the current motion within a year of the judgment.   Judgment was rendered against

---

[4]  Several other motions were filed, but they are not relevant to the issues on appeal.

Defendants on February 4, 2010, more than 2 years ago. Defendants never filed an answer before judgment was obtained arguing that the Court lacked jurisdiction. Plaintiff argues that Defendants willfully chose to ignore the summons and complaint and they have therefore waived the argument that the Court lacked jurisdiction. Further, this argument by Defendants lacks merit. Plaintiffs have established in their Complaint that this Court did in fact have jurisdiction. Plaintiff also argues that Defendants' arguments do not substantiate a meritorious claim or defense. The real party in interest in a foreclosure case is the current holder of the note and mortgage. Plaintiff has established that it has standing to enforce the note and mortgage against Defendants by filing the proper documentation establishing this with its Complaint. Defendants have not argued that they did not execute the note and mortgage and case law has established that mortgagors in foreclosure cases lack standing to challenge assignments of mortgages. Plaintiff also argues that it was never served with a proper Qualified Written Request ("QWR") and the document claimed to have been sent to Plaintiff by Defendants did not amount to a valid QWR under Ohio law.

{¶ 11} On October 17, 2012, the trial court overruled the Busbys' amended motion to vacate void judgment, treating the Busbys' motion as a Civ.R. 60(B) motion for relief from judgment. The court stated that the issues raised in the Busbys' amended motion had been decided in the trial court's November 2, 2010 decision, and that the amended motion was not timely filed. The trial court further found "Plaintiff's arguments well-taken," and

concluded that the Busbys were "not entitled to relief under Ohio Civil Rule 60(B)(1)-(5)." The Court found that the Busbys failed to meet the three-part test for relief under Civ.R. 60(B).

{¶ 12}   The Busbys appeal from the trial court's ruling.

## II. Standing

{¶ 13}   The Busbys' sole assignment of error states: "A bank may not benefit from its failure to timely respond to federal guidelines to prove standing and real party in interest status in order to obtain a judgment in foreclosure."

{¶ 14}    In their appellate brief, the Busbys discuss that BAC is "facing thousands of lawsuits brought by homeowners arising from the same or similar facts."   They detail some of the investigations of banks and document companies that are being pursued by the attorneys general of various states, as well as the lawsuits against Reimer, Arnovits, Chernek & Jeffrey, the law firm that prepared the assignment of mortgage from MERS to BAC in this case.   The Busbys also highlight several foreclosure cases that were dismissed by federal judges in Ohio due to the plaintiff-bank's inability to prove ownership of the note and mortgage at issue.

{¶ 15}   We emphasize, as we did at oral argument, that we have no authority to address all that, as Mrs. Busby suggests, is "going on out there" related to possible fraud in mortgage foreclosures.   In conducting our appellate review, we are limited to the trial court record as it existed at the time the trial court rendered judgment.   *E.g.*, *Fifth Third Bank v. Fin. S. Office Partners, Ltd.*, 2d Dist. Montgomery No. 23762, 2010-Ohio-5638. Accordingly, we are confined to the parties, documents, and issues presented in this case

alone.

{¶ 16}     The crux of the Busbys' legal argument is that BAC was not the real party in interest and lacked standing to bring its foreclosure action against them.

> Standing is a preliminary inquiry that must be made before a court may consider the merits of a legal claim. It is an issue of law, so we review the issue de novo. To have standing, a party must have a personal stake in the outcome of a legal controversy with an adversary. This holding is based upon the principle that "it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies."

(Citations omitted.) *Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, 944 N.E.2d 207, ¶ 9.

{¶ 17}     In the past, the Supreme Court of Ohio held that a "[l]ack of standing challenges the capacity of a party to bring an action, not the subject matter jurisdiction of the court." (Citations and footnote omitted.) *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 77, 701 N.E.2d 1002 (1998). Accordingly, a standing or real party in interest defense to a foreclosure was considered waived, if not timely asserted. *Mid-State Trust IX v. Davis*, 2d Dist. Champaign No. 07-CA-31, 2008-Ohio-1985, ¶ 56.

{¶ 18}     Recently, in the context of a mortgage foreclosure action, the Ohio

Supreme Court held that standing is jurisdictional and is determined when a lawsuit is commenced. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 24. The supreme court made clear that post-suit events cannot be considered to determine standing, and lack of standing cannot be "cured" by use of Civ.R. 17 (real party in interest) or other civil rules. The supreme court stated:

> Standing is required to invoke the jurisdiction of the common pleas court. Pursuant to Civ.R. 82, the Rules of Civil Procedure do not extend the jurisdiction of the courts of this state, and a common pleas court cannot substitute a real party in interest for another party if no party with standing has invoked its jurisdiction in the first instance.

*Schwartzwald* at ¶ 38.

{¶ 19} Because standing is a jurisdictional requirement, the complaint must be dismissed if standing is lacking. *Id.* at ¶ 40. Moreover, because standing concerns the subject matter jurisdiction of the court, standing is an issue that cannot be waived and may be raised at any time, even after judgment. *BAC Home Loans Servicing, L.P. v. Meister*, 11th Dist. Lake No. 2012-L-042, 2013-Ohio-873, ¶ 6, citing *Byard v. Byler*, 74 Ohio St.3d 294, 296, 658 N.E.2d 735 (1996). "If a trial court lacks subject matter jurisdiction to render a judgment, the order is void ab initio and may be vacated by the court's inherent power, even without the filing of a Civ.R. 60(B) motion." *State v. Wilfong*, 2d Dist. Clark No. 2000-CA-75, 2001 WL 256326, * 2 (Mar. 16, 2001). *See BJ Bldg. Co., L.L.C. v. LBJ Linden Co., L.L.C.*, 2d Dist. Montgomery No. 21005, 2005-Ohio-6825, ¶ 20.

{¶ 20} The Busbys claim that BAC lacked standing to bring its foreclosure action,

and therefore the trial court lacked subject matter jurisdiction, because there was no evidence that BAC was the holder of the note and mortgage when the complaint was filed. They claim that there was fraud in the assignments of the note and mortgage, because the individuals who signed and notarized those documents were "robo-signers" and BAC failed to respond to their qualified written requests under RESPA.

{¶ 21} Upon review of the record, the documents attached to BAC's complaint were sufficient to establish standing to file its foreclosure action. The allonge attached to the note indicated that the note was transferred from Countrywide, the original lender, to BAC. Although the allonge is not dated, the fact that it was attached to the complaint reflects that the allonge was prepared and signed prior to the initiation of the lawsuit. The mortgage designated MERS as the mortgagee, as assignee for Countrywide. The assignment of mortgage, which was executed one week before the filing of the complaint, was between MERS, as assignee for Countrywide, and BAC.

{¶ 22} The documents attached to BAC's complaint are facially valid. Although the Busbys provide numerous examples of allegedly fraudulent practices in the assignment of mortgage documents, there is nothing in the record to establish that BAC was not the proper party to bring a foreclosure action against the Busbys on December 22, 2009. We cannot presume, based on fraudulent practices in other cases, that BAC's documents must be fraudulent as well. Accordingly, we cannot conclude that the trial court's default judgment was void for lack of subject matter jurisdiction.

### III. *Relief from Judgment under Civ.R. 60(B)*

{¶ 23} The trial court construed the Busbys' motion as one for relief from

judgment, pursuant to Civ.R. 60(B). "Civ. R. 60(B) represents an attempt to strike a balance between conflicting principles that litigation must be brought to an end and that justice should be done." *Chapman v. Chapman*, 2d Dist. Montgomery No. 21244, 2006-Ohio-2328, ¶ 13.

{¶ 24} Civ.R. 60(B) permits trial courts to relieve parties from a final judgment for the following reasons: (1) "mistake, inadvertence, surprise or excusable neglect;" (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged; or (5) any other reason justifying relief from the judgment. To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted, (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B), and (3) the motion is made within a reasonable time and, for reasons under Civ.R. 60(B)(1)-(3), not more than one year after judgment. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. All of these requirements must be satisfied, and the motion should be denied if any one of the requirements is not met. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994); *Cincinnati Ins. Co. v. Schaub*, 2d Dist. Montgomery No. 22419, 2008-Ohio-4729, ¶ 15.

{¶ 25} Where the judgment from which relief is sought is a default judgment, any doubt should be resolved in favor of the movant so that cases can be decided on their merits. *GTE Automatic Elec., Inc.*, supra, at paragraph three of the syllabus. We review the trial court's determination of a Civ. R. 60(B) motion for an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). An abuse of discretion means that

the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 26}** We find that the trial court did not abuse its discretion in denying the Busbys' motion for several reasons. First, Civ.R. 60(B) is not a substitute for a timely appeal. *E.g.*, *Bank of New York v. Baird*, 2d Dist. Clark No. 2012-CA-28, 2012-Ohio-4975, ¶ 25. "This court has stated that '[t]he use of Civ. R. 60(B) is generally reserved to issues that cannot be raised on appeal.' Therefore, when a party merely repeats arguments that concern the merits of the case and that could have been raised on appeal, relief under Civ.R. 60(B) is not available." (Citations omitted.) *Beyoglides v. Elmore*, 2d Dist. Montgomery No. 24905, 2012-Ohio-3979, ¶ 17.

**{¶ 27}** As noted by the trial court, the issues raised in the Busbys' amended motion to vacate void judgment were substantially similar to those in their original motion. The trial court denied the original motion on November 2, 2010, and the Busbys failed to appeal that ruling. The trial court reasonably rejected the Busbys' amended motion, as those issues had already been decided.

**{¶ 28}** Second, the Busbys' remedy for BAC's alleged failure to submit sufficient evidence of its ownership of the note and mortgage was a motion for a more definite statement under Civ.R. 12(E). *Baird* at ¶ 26, citing *GMAC Mortgage, L.L.C. v. Herring*, 189 Ohio App.3d 200, 2010-Ohio-3650, 937 N.E.2d 1077, ¶ 47-50 (2d Dist.). If the Busbys believed that the exhibits to BAC's complaint rendered the bank's allegations vague or ambiguous, they should have filed an answer and moved for a more definite statement on the matter. *See id.*

**{¶ 29}** Third, the Busbys have not demonstrated a ground for relief from judgment under Civ.R. 60(B). As stated above, the Busbys argue that BAC committed fraud when it filed the foreclosure action, even though it did not own the note and mortgage (due to the alleged invalidity of the assignments).

**{¶ 30}** "The fraud or misconduct contemplated by Civ.R. 60(B)(3) is fraud or misconduct on the part of the adverse party in obtaining the judgment by preventing the losing party from fully and fairly presenting his defense, not fraud or misconduct which in itself would have amounted to a claim or defense in the case." *Wells Fargo Bank, N.A. v. Brandle*, 2d Dist. Champaign No. 2012 CV 2, 2012-Ohio-3492, ¶ 13. A homeowner's claim that a plaintiff-bank engaged in fraud by commencing a foreclosure action without ownership of the note and/or mortgage constitutes a claim or defense in the case, not fraud as contemplated by Civ.R. 60(B)(3). E.g., *Brandle* at ¶ 14*, Herring* at ¶ 38-43; *Deutsche Bank Natl. Trust Co. v. Whiteman*, 10th Dist. Franklin No. 12AP-536, 2013-Ohio-1636, ¶ 20-23. As we stated in *Brandle* at ¶ 14:

> The Brandles' claim that Wells Fargo committed a fraud or engaged in misconduct when it commenced its foreclosure action against them because Wells Fargo did not own their note and mortgage is a matter that could have been presented as a claim or defense by the Brandles in the foreclosure action Wells Fargo commenced. There is no basis to find that Wells Fargo's alleged fraud or misrepresentation that it owned the note or mortgage in any way prevented the Brandles from fully and fairly presenting that defense in a pleading responsive to Wells Fargo's complaint. Instead of presenting that

defense, the Brandles failed to plead or appear in the action, and they offer no reason for their failure to do that. The Brandles may not now rely on their failure to appear as a basis to convert a defensive claim they didn't plead to a claim of fraud or misconduct on which to vacate the judgment that was granted Wells Fargo pursuant to Civ.R. 60(B)(3).

{¶ 31} The Busbys also claim that Manning's alleged fraud in notarizing loan documents was newly discovered evidence. Civ.R. 60(B)(2) permits relief from judgment when there is "[n]ewly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B)." The Busbys have not articulated why they could not have discovered their information about Manning within the one-year period of time required by Civ.R. 60(B). Moreover, the Busbys have alleged general fraud by Manning in the notarization of loan documents, but they have not identified any evidence that there was fraud in connection with their loan. In fact, they claim that Manning will not produce her notary logs, which (allegedly) would substantiate their claim of fraud. Accordingly, they have not provided grounds for relief from judgment under Civ.R. 60(B)(2); again, we must deal with the record before us.

{¶ 32} Fourth, the trial court issued its default judgment in favor of BAC and against the Busbys on February 4, 2010, almost two and a half years before the Busbys filed their amended motion to vacate void judgment. For purposes of Civ.R. 60(B)(1)-(3), their motion for relief from judgment was brought outside the one-year time limitation and was, therefore, untimely. Moreover, considering that the Busbys were aware of the default judgment in June 2010, when they filed their original motion to vacate void judgment, their

amended motion was not brought within a reasonable period of time.

{¶ 33} Finally, the Busbys have not demonstrated that BAC's alleged failure to respond to their qualified written requests is a meritorious defense to the trial court's default judgment. The Busbys have not disputed that they owed monthly mortgage payments on the Trumpet Drive property, nor have they claimed that they made the required payments and were not in default. And, the Busbys have not claimed that BAC's alleged RESPA violation somehow caused them to cease making payments or excused them from making payments. Accordingly, even assuming that BAC failed to respond to the Busbys' QWRs, they have not asserted a meritorious defense based on that conduct. *See Houston v. U.S. Bank Home Mortg. Wisconsin Servicing*, Case No. 11-2444, 2012 WL 5869918 (6th Cir. Nov. 20, 2012) (affirming summary judgment to bank where there was no genuine dispute that, by virtue of homeowner's continued non-payment of her mortgage debt, bank's RESPA violation did not result in her foreclosure).

{¶ 34} In short, the Busbys have not demonstrated that their motion was procedurally proper or that they could satisfy the requirements for relief from judgment under Civ.R. 60(B).[5]

{¶ 35} The Busbys' assignment of error is overruled.

*IV. Conclusion*

{¶ 36} "[A] defendant in a foreclosure action who has been properly served with

---

[5] When asked at oral argument why they had not filed an answer, Mrs. Busby stated that she was seriously ill when the complaint was filed. The Busbys did not raise Mrs. Busby's health issues in either their original or amended motion to vacate judgment. A claim for relief from judgment under Civ.R. 60(B)(1) is subject to the one-year time limitation, and it would have been untimely when the amended motion was filed.

the complaint may not sit on his rights." *Baird*, 2d Dist. Clark No. 2012-CA-28, 2012-Ohio-4975, at ¶ 29, citing *Herring*, 189 Ohio App.3d 200, 2010-Ohio-3650, 937 N.E.2d 1077, at ¶ 50. Rather, he or she is "required to respond to the complaint, either by filing an answer or by challenging the allegations in the complaint by motion, such as a motion to dismiss, pursuant to Civ.R. 12(B), a motion for a more definite statement under Civ.R. 12(E), or a motion to strike, pursuant to Civ.R. 12(F)." *Herring* at ¶ 50.

**{¶ 37}** It is apparent that the Busbys have spent a significant amount of time researching allegedly fraudulent practices in the mortgage industry and seeking information about their mortgage and note. Nevertheless, in the case before us, they failed to protect their rights after they were served with the complaint, and they have not demonstrated that they are entitled to relief from the default judgment.

**{¶ 38}** The trial court's judgment will be affirmed.

. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Darryl E. Gormley
Jimmie A. Busby
Pattie Busby
Hon. Timothy N. O'Connell