[Cite as *CitiMtge., Inc. v. Draper*, 2013-Ohio-2927.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

CITIMORTGAGE, INC.                    :

      Plaintiff-Appellee            :          C.A. CASE NO.    2012 CA 78

v.                                    :          T.C. NO.    12CV187

DONALD H. DRAPER, et al.             :          (Civil appeal from
                                                Common Pleas Court)

      Defendants-Appellants         :

                                      :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____3rd____ day of ____July____, 2013.

. . . . . . . . . .

JOHN C. GREINER, Atty. Reg. No. 0005551 and HARRY W. CAPPEL, Atty. Reg. No. 0066513, 1900 Fifth Third Center, 511 Walnut Street, Cincinnati, Ohio 45202
      Attorneys for Plaintiff-Appellee

DONALD H. DRAPER and BETTY DRAPER, 3340 Heatherwood Avenue, Springfield, Ohio 45503
      Attorney for Defendants-Appellants

. . . . . . . . . .

FROELICH, J.

{¶ 1}  Donald H. and Betty S. Draper appeal from a judgment of the Clark

County Court of Common Pleas, which denied their motions for an emergency injunction and to set aside the judgment and decree of foreclosure in favor of CitiMortgage, Inc. For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} The evidence submitted by CitiMortgage in support of its motion for summary judgment reflects that, on January 21, 2002, Donald and Betty (aka Suzie) Draper executed a note in which they agreed to pay ABN AMRO Mortgage Group, Inc., over a period of 30 years, the principal amount of $115,115, plus interest at a rate of 6.5%. The note was secured by a mortgage on the Drapers' property located at 3340 Heatherwood Avenue in Springfield, Ohio. ABN AMRO Mortgage Group subsequently merged into CitiMortgage.

{¶ 3} On February 23, 2012, CitiMortgage brought a foreclosure action against the Drapers, claiming that the Drapers had defaulted on their note. CitiMortgage sought judgment on the note, foreclosure of the mortgage, reimbursement of any advancements that CitiMortgage had or would pay to preserve the property, and the sale of the property. The Drapers were personally served with the complaint and summons, and they timely answered the complaint. Among their affirmative defenses, the Drapers claimed that CitiMortgage lacked standing to bring the lawsuit against them.

{¶ 4} On August 2, 2012, CitiMortgage moved for summary judgment. In support of its motion, CitiMortgage submitted an affidavit by Crystal Berry, a document control officer for CitiMortgage. Berry stated that CitiMortgage was the successor by merger to ABN AMRO Mortgage Group, Inc., and that CitiMortgage is the holder and servicer of the note executed by the Drapers in the amount of $115,115, which was secured

by a mortgage on the Heatherwood Avenue property. Berry further stated that the Drapers defaulted on the note and mortgage, that the loan balance was properly accelerated, and that the entire balance was due and owing. As of December 22, 2011, the Drapers owed a principal amount of $98,680.26, with interest at a rate of 6.5% from August 1, 2011. Berry attached "true and accurate copies" of the note and mortgage to her affidavit.

{¶ 5} On August 20, the Drapers responded to the motion for summary judgment by filing a "Motion to Set Aside Summary Judgment and Default Judgment and Decree of Foreclosure."[1] The Drapers stated that they had terminated their retained counsel because counsel "failed to require the original note to be brought forward to be sequestered by the court. He has allowed the Court to rely on an affidavit to have standing." The Drapers asked the court to set aside the summary judgment and to compel CitiMortgage to "bring forward certification of the authenticate [sic] securitization with a chain of custody of the note/security in question." On the same day, the Drapers filed a "Notice of Termination of the Attorney of Record," which indicated that counsel had been terminated, effective immediately. The Drapers' counsel did not file a notice to withdraw with the court.

{¶ 6} Two days later, on August 22, the trial court filed a notice that the motion for summary judgment would be deemed submitted on August 29, 2012. The notice stated that "any response to the pending motions must be filed on or before August 29, 2012 with any replies due on or before August 29, 2012. A copy of each filing must be delivered to the Court not later than twenty four hours prior to the non-oral hearing date [August 29]

---

[1] The motion was signed by Donald Draper, but it appears that he intended to respond for both himself and Betty Draper.

unless the Court, upon oral or written request, grants an extension." The court's notice was sent to the Drapers' counsel of record. No additional response to the summary judgment motion was filed by the Drapers.

{¶ 7} On August 30, 2012, the trial court issued a judgment entry granting CitiMortgage's motion for summary judgment, awarding judgment to CitiMortgage in the amount of $98,680.26 plus interest, and ordering the equity of redemption be foreclosed. The Drapers did not file a direct appeal from the trial court's judgment. The court subsequently ordered the property to be sold.

{¶ 8} On October 12, 2012, the Drapers filed a motion for emergency injunction, seeking to halt all actions related to the foreclosure. They claimed that CitiMortgage did not have standing to bring the foreclosure action and that the court had failed to rule on their previous motion to set aside the summary judgment.

{¶ 9} On October 19, the trial court considered the Drapers' motions to set aside the judgment and for an emergency injunction and denied the motions. The trial court initially noted that the Drapers' motion to set aside the summary judgment had been "prematurely filed," i.e., it was filed before summary judgment was granted. The trial court then stated that it had conducted "a thorough review of the record and the arguments of the parties" and found that "defendant's arguments lack merit, that the plaintiff has satisfied it's [sic] burden of proof on summary judgment, and that the previously entered judgment and decree in foreclosure cannot, in good faith, be set aside."

{¶ 10} The Drapers appeal from the denial of their motions to set aside judgment and for an emergency injunction. Although their brief does not contain an assignment of

error, as required by App.R. 16(A)(3), we infer their argument to be that the trial court erred in denying their motions. Specifically, the Drapers argue that the trial court erroneously "allowed the Plaintiff to move forward without standing, merely on an affidavit." They further claim that the trial court erred in concluding that CitiMortgage was entitled to judgment as a matter of law under Civ.R. 56(C).

{¶ 11} "Standing is a preliminary inquiry that must be made before a court may consider the merits of a legal claim." *Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, 944 N.E.2d 207, ¶ 9.

> To have standing, a party must have a personal stake in the outcome of a legal controversy with an adversary. This holding is based upon the principle that "it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies."

(Citations omitted.) *Id.* Because the question of standing is an issue of law, we review the issue de novo. *Id.*

{¶ 12} In the past, the Supreme Court of Ohio held that a "[l]ack of standing challenges the capacity of a party to bring an action, not the subject matter jurisdiction of the court." (Citations and footnote omitted.) *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 77, 701 N.E.2d 1002 (1998). Accordingly, a standing or real party in interest defense to a

foreclosure was considered waived, if not timely asserted. *Mid-State Trust IX v. Davis*, 2d Dist. Champaign No. 07-CA-31, 2008-Ohio-1985, ¶ 56.

{¶ 13} Recently, in the context of a mortgage foreclosure action, the Ohio Supreme Court held that standing is jurisdictional and must exist when a lawsuit is commenced. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 24. The supreme court made clear that post-suit events cannot be considered to determine standing, and lack of standing cannot be "cured" by use of Civ.R. 17 (real party in interest) or other civil rules. The supreme court stated:

Standing is required to invoke the jurisdiction of the common pleas court. Pursuant to Civ.R. 82, the Rules of Civil Procedure do not extend the jurisdiction of the courts of this state, and a common pleas court cannot substitute a real party in interest for another party if no party with standing has invoked its jurisdiction in the first instance.

*Schwartzwald* at ¶ 38.

{¶ 14} Because standing concerns the subject matter jurisdiction of the court, standing is an issue that cannot be waived and may be raised at any time, even after judgment. *BAC Home Loans Servicing L.P. v. Busby*, 2d Dist. Montgomery No. 25510, 2013-Ohio-1919, ¶ 19; *BAC Home Loans Servicing, L.P. v. Meister*, 11th Dist. Lake No. 2012-L-042, 2013-Ohio-873, ¶ 6, citing *Byard v. Byler*, 74 Ohio St.3d 294, 296, 658 N.E.2d 735 (1996). "If a trial court lacks subject matter jurisdiction to render a judgment, the order is void ab initio and may be vacated by the court's inherent power, even without the filing of a Civ.R. 60(B) motion." *State v. Wilfong*, 2d Dist. Clark No. 2000-CA-75, 2001 WL

256326, * 2 (Mar. 16, 2001).

{¶ 15}   CitiMortgage filed a motion for summary judgment, claiming that it was entitled to judgment on the promissory note and a decree of foreclosure.   Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party.  *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998).

{¶ 16}   The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated.  *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988).   To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment.  *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). Those materials include "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, filed in the action."  *Id*. at 293; Civ.R. 56(C).

{¶ 17}   Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings.  *Dresher* at 293; Civ.R. 56(E).   Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial.  *Id.*   Throughout, the evidence must be construed in favor of the nonmoving party.  *Id.*

{¶ 18} CitiMortgage supported its summary judgment motion with an affidavit by Crystal Berry, who stated under oath that CitiMortgage was the successor by merger to ABN AMRO Mortgage Group and that she had reviewed the note, mortgage, and CitiMortgage's electronic servicing system in preparing her affidavit. Berry's affidavit indicated that the Drapers had defaulted under the terms of the note and mortgage with ABN AMRO Mortgage Group, that the debt was properly accelerated under the terms of the note and mortgage, and that the Drapers owed $98,680.26 with interest at a rate of 6.5%. Attached to Berry's affidavit were copies of the note and mortgage, and Berry stated that these exhibits were "duplicate, true and accurate copies of the Note (Exhibit A) with any applicable endorsements and the Mortgage (Exhibit B) with any applicable Assignments * * *." Berry's affidavit, with the attached documentation, satisfied CitiMortgage's burden of demonstrating that it had standing at the time the complaint was filed and that it was entitled to judgment as a matter of law.

{¶ 19} Because CitiMortgage met its initial burden under Civ.R. 56, the Drapers were obligated to present evidence demonstrating that a genuine issue of material fact existed as to CitiMrtgage's standing and claims. However, the Drapers did not present any evidence on their own behalf, nor did they request an extension of time to respond to the summary judgment motion, pursuant to Civ.R. 56(F), in order to obtain documents from CitiMortgage or conduct other discovery. Rather, the Drapers sought to have the trial court require CitiMortgage "bring forward a Certification of the Authenticate [sic] Securitization of the note to document that in fact that Plaintiff did in fact have standing to bring this action."

{¶ 20} The trial court was not required to compel CitiMortgage to file a certificate

in support of its claims or standing. Civ.R. 56(E), which sets forth the requirements for affidavits, provides in part that "[s]worn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit." "The requirement of Civ.R. 56(E) that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit, coupled with a statement therein that such copies are true copies and reproductions." *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981); *Cincinnati Bar Assn. v. Newman*, 124 Ohio St.3d 505, 2010-Ohio-928, 924 N.E.2d 359, ¶ 7. Berry's affidavit satisfied that criterion. And, in general, a duplicate of a document is admissible to the same extent as the original document. *See* Evid.R. 1003 ("A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."). Accordingly, Berry was not required to attach the original note and mortgage to her affidavit, and the trial court did not err in granting summary judgment in CitiMortgage's favor without those originals.

{¶ 21} When the trial court has jurisdiction to enter a judgment, the judgment may still be set aside under Civ.R. 60(B). Civ.R. 60(B) permits trial courts to relieve parties from a final judgment for the following reasons: (1) "mistake, inadvertence, surprise or excusable neglect;" (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged; or (5) any other reason justifying relief from the judgment. To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that (1) the party has a meritorious

defense or claim to present if relief is granted, (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B), and (3) the motion is made within a reasonable time and, for reasons under Civ.R. 60(B)(1)-(3), not more than one year after judgment. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. All of these requirements must be satisfied, and the motion should be denied if any one of the requirements is not met. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994); *Cincinnati Ins. Co. v. Schaub*, 2d Dist. Montgomery No. 22419, 2008-Ohio-4729, ¶ 15.

**{¶ 22}** The Drapers did not raise any arguments to support setting aside the trial court's judgment under Civ.R. 60(B). They did not claim that CitiMortgage did not hold the note and mortgage, that they did not default on the note, and that they did not owe the amount claimed by CitiMortgage. In addition, they did not assert that they could satisfy any of the grounds for relief under Civ.R. 60(B).

**{¶ 23}** Upon review of the record, the trial court did not err in concluding that CitiMortgage had satisfied its burden on summary judgment and that there were no grounds to set aside the judgment. The Drapers' arguments are without merit.

**{¶ 24}** The judgment of the trial court will be affirmed.

. . . . . . . . . .

FAIN, P.J. and WELBAUM, J., concur.

Copies mailed to:

John C. Greiner
Harry W. Cappel
Donald H. Draper
Betty Draper

Hon. Richard J. O'Neill