[Cite as *Bank of New York v. Baird*, **2012-Ohio-4975**.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### CLARK COUNTY

THE BANK OF NEW YORK MELLON,    :

fka The Bank of New York, as Trustee    :    Appellate Case No. 2012-CA-28

for the Certificateholders of the CWABS :

Inc., Asset-Backed Certificates,    :    Trial Court Case No. 11-CV-878

Series 2006-10    :

   :

     Plaintiff-Appellee    :

   :    (Civil Appeal from

v.    :     Common Pleas Court)

   :

JEFFREY D. BAIRD, et al.    :

   :

     Defendant-Appellant    :

   :

. . . . . . . . . . .

## O P I N I O N

Rendered on the 26th day of October, 2012.

. . . . . . . . . . .

JAMES S. WERTHEIM, Atty. Reg. #0029464, and MARIA CANDACE BURNETTE, Atty. Reg. #0088507, McGlinchey Stafford PLLC, 25550 Chagrin Boulevard, Suite 406, Cleveland, Ohio 44122-4640

     Attorneys for Plaintiff-Appellee, The Bank of New York Mellon

MARC E. DANN, Atty. Reg. #0039425, and GRACE DOBERDRUK, Atty. Reg. #0085547, Dann, Doberdruk & Wellen LLC, 4600 Prospect Avenue, Cleveland, Ohio 44103

     Attorneys for Defendant-Appellant, Jeffrey D. Baird

. . . . . . . . . . . .

HALL, J.

{¶ 1}    Jeffrey Baird appeals from an order denying his Civ.R. 60(B)(3) motion to vacate a final judgment of foreclosure and denying his Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction. Finding no error, we affirm.

## I. The Facts

{¶ 2}    In May 2006, Baird bought a house with a loan from Countrywide Home Loans, Inc. He signed a promissory note in favor of Countrywide. And as security for the loan, Baird also signed a mortgage agreement in favor of Mortgage Electronic Registration Systems, Inc. (MERS), who was acting as Countrywide's nominee. In August 2011, MERS assigned the mortgage to Appellee, The Bank of New York Mellon, as Trustee for the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2006-10. The following month, the Bank, as Trustee, brought a foreclosure action against Baird. The Bank's complaint alleges that Baird owes $59,877.91 plus interest on the loan. The Bank sought judgment on the loan for this amount and sought an order of foreclosure.

{¶ 3}    Attached to the Bank's complaint are the promissory note and the mortgage agreement. The mortgage agreement states that it was recorded in Clark County in May 2006. Also attached is a signed and notarized document that purportedly assigned the mortgage to the Bank. This assignment-of-mortgage document states that it was recorded in Clark County in August 2011. The final relevant attachment is a preliminary judicial report issued by a title insurance company in August 2011. A schedule attached to the report states that in August 2011 Baird's mortgage was assigned to the Bank by the just-mentioned assignment-of-mortgage document. The Bank also separately filed the preliminary judicial report and schedules.

{¶ 4}    Although he was served with the complaint, Baird did not respond.

{¶ 5}    In December 2011, the Bank filed the title insurance company's final judicial report. The Bank also filed the assignment-of-mortgage document attached to the complaint. Lastly, the Bank filed an affidavit averring that Baird was in default of his loan and stating the exact amount he then owed. The Bank then moved for default judgment.

{¶ 6}    Near the end of January 2012, the trial court sustained the Bank's motion. The court found that Baird had been served with a summons and the complaint and had not filed an answer or any other responsive pleading. The court entered judgment for the Bank on the note, and entered an order of foreclosure.

{¶ 7}    Baird did not appeal the judgment or the order.

{¶ 8}    About eight weeks later, Baird moved to vacate the foreclosure judgment under Civ.R. 60(B)(3) and to dismiss the Bank's complaint under Civ.R. 12(B)(1) for lack of subject-matter jurisdiction.[1] The trial court overruled the motion.

{¶ 9}    Baird appealed.

{¶ 10}    Baird assigns two errors to the trial court. First, he alleges that the court erred by overruling his Civ.R. 60(B) motion without holding a hearing. Second, Baird alleges that the trial court erred by overruling his Civ.R. 12(B)(1) motion to dismiss.

## II. The Civ.R. 60(B) Motion

{¶ 11}    A trial court's decision on a Civ. R. 60(B) motion is reviewed for an abuse of discretion. *Wells Fargo Bank, N.A. v. Brandle*, 2d Dist. Champaign No. 2012-CA-0002, 2012-Ohio-3492, ¶ 10. "'Abuse of discretion' has been defined as an attitude that is

---

[1] Baird also moved to stay the sheriff's sale of his house.

unreasonable, arbitrary or unconscionable. * * * A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." (Emphasis sic.) *AAAA Enterprises, Inc v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 12} Baird argues, as he did in his motions, that he has a meritorious defense to foreclosure and is entitled to relief from judgment. He contends that the Bank failed to submit sufficient evidence that it owns his note or mortgage. Baird gives two primary reasons for this contention. One reason is that the promissory note attached to the Bank's complaint is not indorsed. Baird asserts that Countrywide's indorsement is necessary for the Bank to be the proper owner. The other reason has to do with a June 1, 2006 Pooling and Servicing Agreement (PSA) in which CWABS, Inc., is identified as Depositor; Countrywide Home Loans, Inc., is identified as Seller;[2] and The Bank of New York is identified as Trustee.[3] Under the PSA, Countrywide apparently sold Baird's note, apparently in a bulk transaction with many, many others, to CWABS, Inc., of which the Bank is Trustee. The PSA defines "closing date" as June 30, 2006.[4] Baird asserts that this is the date by which promissory notes must have been transferred. Because his mortgage was assigned later, in August 2011, says

---

[2] Also identified as sellers are Park Monaco Inc. and Park Sienna LLC.

[3] The PSA is publically available. *Pooling and Servicing Agreement for Asset-Backed Certificates, Series 2006-10* (June 1, 2006), available at https://www.sec.gov/Archives/edgar/data/1365987/000090514806005204/efc6-1971_5903346exh41.txt (accessed Oct. 10, 2012). Countrywide Home Loans Servicing LP is identified as Servicer.

[4] *PSA* at 24.

Baird, the Bank cannot own it. Baird says that, by submitting the documents that it did, the Bank committed a fraud on the court.

{¶ 13} It follows, Baird argues, that the Bank failed to establish that it is the real party in interest, so it lacked standing to bring the foreclosure action. Also, because the Bank does not own his note or mortgage, Baird contends, there is no justiciable controversy between them. Therefore, he says, the trial court lacked subject-matter jurisdiction.

{¶ 14} Baird's argument fails to recognize that the promissory note and the mortgage are separate items which, although related, are not interchangeable. A mortgage is a security interest in real property that secures the repayment of a promissory note. Federal courts have said that PSAs concern mortgage loans not mortgages. *E.g.*, *Smith v. Litton Loan Servicing, LP*, E.D.Mich. No. 10-14700, 2012 WL 1444636, *1 (April 26, 2012) (saying that the PSA in this case "established a schedule for the assignment of mortgage loans to the trust * * * [but] did not similarly restrict the assignment of mortgages"); *Lamb v. Wells Fargo Bank, NA*, N.D.Tex. No. 3:12-CV-00680-L, 2012 WL 1888152, *5 (May 24, 2012) (saying that the PSA in this case "relate[d] to the selection of mortgage loans for inclusion in the trust and the assignment of *mortgage loans*, not mortgages" (Emphasis sic.)). The same is true here. Based on the PSA's definition of "mortgage loans," it appears that only *promissory notes* (called mortgage loans in the PSA) were transferred, and this was done without regard to the *mortgages* securing those loans:

> Mortgage Loans: Such of the mortgage loans transferred and assigned to the Trustee pursuant to the provisions hereof and any Subsequent Transfer Agreement as from time to time are held as part of the Trust Fund (including

any REO Property), the mortgage loans so held being identified in the Mortgage Loan Schedule, *notwithstanding foreclosure or other acquisition of title of the related Mortgaged Property.* * * *[5]

{¶ 15} Accordingly, the PSA did not restrict MERS's authority, as Countrywide's nominee, to assign Baird's mortgage. *Compare Lamb* at *5 (saying that the PSA "d[id] not affect MERS's authority as nominee and beneficiary of the lender under the Deed of Trust to sell, transfer, assign or foreclose on the property at issue"), citing *Litton Loan* at *1 (saying the same thing with respect to the plaintiff's argument that the trustee was not entitled to foreclose on his mortgage because the mortgage assignment occurred after the PSA's "cut-off date").

{¶ 16} Based on the evidence submitted by the Bank, MERS properly assigned Baird's mortgage to the Bank. The Bank, then, is the owner of the mortgage.

{¶ 17} Turning to the promissory note, Baird is correct that the copy of the note attached to the Bank's complaint is not indorsed. But any error arising from this fact is not reversible. The Bank attached to its memorandum opposing Baird's motion to vacate a copy of the note that is indorsed.[6] This copy of the note contains the following blank indorsement stamped on the note's last page:

PAY TO THE ORDER OF

_____

WITHOUT RECOURSE

---

[5] (Emphasis added.) *PSA* at 40.

[6] In its opposition memorandum, the Bank says that if the trial court holds an evidentiary hearing, it will present an authenticated copy of the indorsed note.

COUNTRYWIDE HOME LOANS, INC.

BY [signature]

David A. Spector

Managing Director

{¶ 18} Baird's note was therefore properly negotiated to the Bank. *Accord* R.C. 1303.25(B) (saying that a blank indorsement means that the instrument "may be negotiated by transfer of possession alone"). And the Bank became the note's holder. *Accord* R.C. 1303.21(A) (saying that the transferee of a negotiation "becomes the holder of the instrument"). As the holder, the Bank is entitled to enforce it. *Accord* R.C. 1303.31(A)(1) (saying that "[t]he holder of the instrument" is a "person entitled to enforce" it).

{¶ 19} Baird did not answer the complaint or otherwise challenge the lack of indorsement on the copy of the note in the first instance. If he had, the bank would have undoubtedly presented the indorsed copy of the note earlier. Given the evidence presented, it was not unreasonable for the trial court to overrule Baird's Civ.R. 60(B) motion without holding an evidentiary hearing.

### III. The Civ.R. 12(B)(1) Motion

{¶ 20} The second assignment of error argues that the trial court lacked subject-matter jurisdiction over the action. Baird contends that, because the Bank does not own his note or mortgage, there is no justiciable controversy between them. Therefore, he concludes, the trial court lacked subject-matter jurisdiction.

{¶ 21} "The 'subject matter jurisdiction of a court is a court's power to hear and decide a case upon its merits.'" *JP Morgan Chase Bank, N.A. v. Brown*, 2d Dist. Montgomery

Nos. 21853, 22359, 2008-Ohio-200, ¶ 42, quoting *Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972), paragraph one of the syllabus. "To be justiciable, a controversy must be grounded on a present dispute * * *." (Citation omitted.) *Kincaid v. Erie Ins. Co.*, 128 Ohio St. 3d 322, 2010-Ohio-6036, 944 N.E.2d 207, ¶ 17. And "[t]o have standing, a party must have a personal stake in the outcome of [such] a legal controversy." (Citation omitted.) *Id*. at ¶ 9. "[A] lack of standing does not deprive a court of subject matter jurisdiction." *Brandle* at ¶ 20; *accord JPMorgan Chase Bank Tr. v. Murphy*, 2d Dist. Montgomery No. 23927, 2010-Ohio-5285, ¶ 19 ("[W]e have previously held, * * * '[t]he issue of lack of standing "challenges the capacity of a party to bring an action, not the subject matter jurisdiction of the court." ' "), quoting *Countrywide Home Loans v. Swayne*, 2d Dist. Greene No. 2009 CA 65, 2010-Ohio-3903, ¶ 29.

{¶ 22}  By statute, "[t]he court of common pleas has original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts * * *." R.C. 2305.01. While Baird claims that the trial court lacked subject-matter jurisdiction, his argument does not raise any doubt as to the trial court's jurisdiction over this foreclosure action.

## IV. Procedural Problems

{¶ 23}  Even aside from the merits, the trial court's judgment-order should be affirmed for any one of several procedural reasons.

{¶ 24}  One, the Civ.R. 60(B) motion was not the proper method to raise Baird's arguments. Baird argues that the trial court should have held a hearing on the ownership question. This assignment of error merely alleges that the trial court erred. *Compare*

*Miamisburg Motel v. Huntington Natl. Bank*, 88 Ohio App.3d 117, 129, 623 N.E.2d 163 (2d Dist.1993) (saying the same in response to the argument that the trial court should have vacated a default judgment because it failed to hold a hearing on the amount of default damages, and to the argument that the trial court should have vacated the judgment because it was based on a complaint that failed to state a claim). Regardless of the argument's merits, Baird should have made it in a timely appeal.

{¶ 25} "Civ.R. 60(B) relief is not a substitute for a timely appeal." *GMAC Mortgage, L.L.C. v. Herring*, 189 Ohio App.3d 200, 2010-Ohio-3650, 937 N.E.2d (2d Dist.), ¶ 35, citing *State ex rel. Martin v. Ohio Adult Parole Auth.*, 124 Ohio St.3d 63, 2009-Ohio-6164, 918 N.E.2d 1005, ¶ 1; *see Miamisburg Motel* at 129 ("A Civ.R. 60(B)(5) motion for relief from judgment may not be used as a substitute for a direct appeal from the judgment challenged * * *."). Any error committed by the trial court in foreclosing on a mortgage without sufficient evidence can be raised in a direct appeal of the foreclosure judgment. *Compare Herring* at ¶ 35 (saying the same when the plaintiff failed to attach the correct mortgage to its foreclosure complaint).

{¶ 26} Two, Baird's remedy for the Bank's alleged failure to submit sufficient evidence of its ownership was a motion for a more definite statement under Civ.R. 12(E). *See id*. at ¶ 47-50. The Bank's complaint alleged that it held the promissory note and also the mortgage securing the loan. The attached note and mortgage contained only Countrywide's name, though the assignment-of-mortgage document and the preliminary judicial report suggested that the note and mortgage had been transferred to the bank. If Baird believed that the attachments rendered the complaint's ownership allegations vague or ambiguous, he

should have moved for a more definite statement on the matter. *Compare id*. at *¶* 50.

**{¶ 27}** Third, Baird waived the standing issue by not raising it timely. Standing is not a jurisdictional issue. *Mid-State Trust IX v. Davis*, 2d Dist. Champaign No. 07-CA-31, 2008-Ohio-1985, *¶* 56. "Accordingly, the issue of standing or the 'real-party-in-interest' defense is waived if not timely asserted." (Citation omitted.) *Id*. Baird could have raised the standing issue well before the default judgment was entered. He has not explained why he failed to file an answer. The court found that Baird had been served with a summons and the complaint. Baird does not assert otherwise. Baird had the complaint; he presumably had the attachments to the complaint. The indorsement missing from the promissory note and the date that the mortgage was purportedly transferred to the bank would have been apparent on the face of the attachments. All of the issues raised in his Civ.R. 60(B) and 12(B)(1) motions could have been identified and raised before judgment in a responsive pleading. *Compare GMAC Mortgage* at *¶* 43.

**{¶ 28}** Finally, Baird never asked for a hearing. A trial court "[i]s not obligated to conduct an evidentiary hearing * * * [when the movant] d[oes] not request such a hearing." *Greenhorn v. Bud's Auto.*, 2d Dist. Greene No. 2002-CA-67, 2003-Ohio-1261, *¶* 11; *accord JP Morgan Chase Bank, N.A. v. Brown*, 2d Dist. Montgomery Nos. 21853, 22359, 2008-Ohio-200, *¶* 44 (holding that a magistrate did not err by ruling on the defendant's Civ.R. 60(B) motion without holding an evidentiary hearing because the defendant did not request a hearing on the motion).

**{¶ 29}** We have said that a defendant in a foreclosure action who has been properly served with the complaint may not sit on his rights. *Herring* at *¶* 50. He is "required to

respond to the complaint, either by filing an answer or by challenging the allegations in the complaint by motion, such as a motion to dismiss, pursuant to Civ.R. 12(B), a motion for a more definite statement under Civ.R. 12(E), or a motion to strike, pursuant to Civ.R. 12(F)." *Id*. Baird cannot now raise rights he voluntarily relinquished by failing to respond to the complaint.

{¶ 30}   The first and second assignments of error are overruled.

{¶ 31}   The trial court's judgment is affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.


Copies mailed to:

James S. Wertheim
Maria Candace Burnette
Marc E. Dann
Grace Doberdruk
Joseph T. Chapman
William D. Hoffman
Kyle E. Timken
Hon. Douglas M. Rastatter