[Cite as *Wright State Univ. v. Williams*, 2012-Ohio-5095.]

IN THE COURT OF APPEALS OF GREENE COUNTY, OHIO

STATE OF OHIO, WRIGHT STATE :
UNIVERSITY

          :

  Plaintiff-Appellee     C.A. CASE NO. 2012-CA-0037

          :

vs.          T.C. CASE NO. CVF1200211

          :

BRIAN WILLIAMS

          : (Civil appeal from the
  Defendant-Appellant    Municipal Court)

          :

     . . . . . . . . .

**O P I N I O N**

Rendered on the   2nd   day of   November  , 2012.

. . . . . . . . .

CHARLES GEIDNER, Atty. Reg. No. 0076969, 15 West Fourth Street, Suite 250, Dayton, Ohio 45402
  Attorney for Plaintiff-Appellee

JAMES E. SWAIM, Atty. Reg. No. 0007362, 15 West Fourth Street, Suite 250, Dayton, Ohio 45402
  Attorney for Plaintiff-Appellee
  Special Counsel to the Ohio Attorney General

BRIAN K. WILLIAMS, P.O. Box 8691, Newark, Ohio 43058
  *Pro Se* Defendant-Appellant

. . . . . . . . .

FROELICH, J.

{¶ 1}    Brian K. Williams, pro se, appeals from a judgment of the Fairborn Municipal Court, which granted a default judgment to the State of Ohio in the amount of $5,085.44, plus statutory interest.

{¶ 2}    On February 14, 2012, the State brought an action in the municipal court claiming that Williams owed $5,085.44 for goods and services rendered to him through Wright State University.  The exhibits attached to the complaint indicated that Williams owed a principal balance of $2,688.77, interest in the amount of $667.62, and collection costs of $1,729.05.  Williams was served with the complaint on February 28, 2012, as reflected by a United States Postal Service delivery confirmation card.

{¶ 3}    Williams did not respond to the complaint.  Consequently, in April 2012, the State moved for a default judgment.  On April 12, 2012, the trial court granted the motion and awarded a default judgment to the State in the amount of $5,085.44, with statutory interest.  Williams appeals from the trial court's judgment.

{¶ 4}    In his sole assignment of error, Williams contends that "the trial court erred in granting plaintiff's motion for summary [sic] judgment."  In his appellate brief, Williams states that he enrolled in three classes at Wright State University in March 2004.  At that time, he was expecting to receive financial aid to cover the tuition, costs, and fees that were associated with the classes.  However, as the beginning of the quarter approached, Williams noticed that his financial aid had not been awarded.  He contacted the Office of Financial Aid at Wright State University.  Williams states that a financial counselor at the university informed him that his financial aid would not be awarded because he had been placed on probation.  The counselor further indicated that his enrollment in the classes would be canceled if he did not otherwise pay for the courses.  Williams did not have the means to

pay for the classes, and he left Fairborn, Ohio. Williams asks this Court to review the evidence attached to his appellate brief and to reverse the trial court's judgment.[1]

{¶ 5} The trial court granted the State a default judgment, which is governed by Civ.R. 55. That rule provides, in part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor[.] * * * If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages * * *, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

Civ.R. 55(A). The decision to grant a default judgment is reviewed for an abuse of discretion. *In re Ball*, 2d Dist. Montgomery No. 24786, 2012-Ohio-2095, ¶ 8.

{¶ 6} Civ.R. 12(A)(1) provides that a defendant must file an answer to a complaint within 28 days after service of the complaint and summons. The record reflects that Williams was properly served on February 28 and that he was required to file an answer (or to request an extension of time for filing an answer) by March 27, 2012. Williams failed to do so. Accordingly, the State was entitled to move for a default judgment, and the trial court properly granted the State's motion.

---

[1] The State has filed a Motion to Strike Portions of Defendant-Appellant's Brief Which Refer to Matters Outside the Record of Appeal. In light of our disposition of Willliams's assignment of error, the State's motion is overruled as moot.

{¶ 7} The trial court also was not required to hold a hearing on damages, because the complaint and motion for default judgment clearly set forth the amount of damages and demonstrate that the amount is ascertainable. *E.g.*, *In re Ball* at ¶ 10. The State's complaint included documentation of the amount owed by Williams. One attachment to the complaint indicated that the principal balance of $2,688.77 consisted of charges for the overpayment of federal funds ($1,215.77), instruction and general fees ($1,189), health insurance fee ($178), late payment fee ($100), and student legal services fee ($6). A second attachment indicated that the remainder consisted of interest and collection fees totaling $2,396.67. The court awarded the amount sought in the State's complaint. In short, the State's complaint clearly set forth the amount owed, and the amount was supported with documentary evidence. Accordingly, the trial court did not err in awarding $5,085.44 to the State.

{¶ 8} Williams's sole assignment of error is without merit.

{¶ 9} We note that Civ.R. 55(B) states that "[i]f a judgment by default has been entered, the court may set it aside in accordance with Rule 60(B)." "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Indus., Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶ 10} If Williams believes that grounds exist for setting aside the default

judgment, he may be able to file a motion with the trial court, setting forth reasons why the default judgment should be set aside. We express no opinion on the merits of such a motion.

{¶ 11} The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, J., and HENDON, J., concur.

(Hon. Sylvia Sieve Hendon, First District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Charles Geidner, Esq.
James E. Swaim, Esq.
Brian K. Williams
Hon. Beth W. Root