[Cite as *U.S. Bank, N.A. v. Shipp*, 2013-Ohio-2473.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| U.S. BANK, N.A. | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 25379 |
| v. | : | T.C. NO.   2012 CV 4533 |
| TAMARA L. SHIPP, et al. | : | (Civil appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___14th___ day of _____June_____, 2013.

. . . . . . . . . .

BILL L. PURTELL, Atty. Reg. No. 0075250, 120 East Fourth Street, Suite 800, Cincinnati, Ohio 45202
        Attorney for Plaintiff-Appellee U.S. Bank, N.A.

TAMARA L. SHIPP, pro se, 4975 Dayton-Liberty Road, Dayton, Ohio 45417
        Defendant-Appellant

DOUGLAS TROUT, Atty. Reg. No. 0072027, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Defendant-Appellee Montgomery County Treasurer

. . . . . . . . . .

FROELICH, J.

{¶ 1}    Tamara Lynn Shipp, pro se, appeals from a judgment of the Montgomery County Court of Common Pleas, which granted a default judgment in the foreclosure action

brought by U.S. Bank, National Association, as trustee for the holders of the J.P. Morgan Mortgage Acquisition Trust 2006- CW1 (U.S. Bank). For the following reasons, the trial court's judgment will be affirmed.

## I. Procedural History

{¶ 2} On June 21, 2012, U.S. Bank filed a Complaint in Foreclosure against Shipp,[1] claiming that Shipp defaulted on her residential note and mortgage. U.S. Bank alleged that it was the holder of a promissory note and mortgage concerning the property located at 4975 Dayton Liberty Road, Dayton, Ohio 45418-1945. The bank alleged the note was in default in the amount of $114,228.58, plus interest. U.S. Bank alleged it had complied with all conditions precedent, and was entitled to judgment on the note, foreclosure of the mortgage, and sale of the property.

{¶ 3} U.S. Bank attached a copy of the note as Exhibit A. The note indicated that Tamara Shipp promised to pay to Countrywide Home Loans, Inc., over a period of 30 years, the principal amount of $117,000.00, plus interest at a rate of 9.750%, as well as court costs, advances, and other charges allowed by law. The final page of the exhibit was an allonge, which was executed and signed by Jennifer Guidicessi, Assistant Vice President of Countrywide Home Loans, Inc. The allonge stated that Shipp's loan, with the principal amount of $117,000.00, was to be paid to the order of U.S. Bank, without recourse.

{¶ 4} Attached to the complaint as Exhibit B was the mortgage associated with the promissory note, which was alleged to constitute a valid first lien on the property

---

[1] The complaint named other potentially interested parties, including the Montgomery County Treasurer, John Doe (unknown spouse of Shipp), and Arbors at Dayton Nursing and Subacute Center c/o Dayton Care, LLC. These parties are not relevant to this appeal.

attached to the loan. The mortgage named Tamara Lynn Shipp as the borrower and Countrywide Home Loans, Inc., as the lender. Mortgage Electronic Registration Systems, Inc. (MERS) is the mortgagee as nominee for Countrywide. Attached as Exhibit C is an assignment of the note and mortgage to U.S. Bank, executed and signed by Kimberly Dawson and Carrie A. Hoover, both of whom are 1st Vice Presidents of MERS. The assignment is dated July 3, 2008.

{¶ 5}     Shipp was properly served with process by certified mail on June 27, 2012 and in person on June 30, 2012. On August 17, 2012, U.S. Bank moved for default judgment after Shipp failed to respond to the complaint. A default judgment was entered in U.S. Bank's favor on August 22, 2012. Shipp timely appealed from the trial court's default judgment.

## *II. Assignment of Error*

{¶ 6}     Shipp's appellate brief does not include an assignment of error as required by App.R. 16(A). App.R. 16(A)(3) requires that an appellate brief contain a "statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." Shipp is proceeding pro se. Nevertheless, "[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." *Preston v. Shutway*, 2d Dist. Champaign No. 2012 CA 24, 2013-Ohio-185, ¶ 12. Despite the errors in Shipp's brief, we will address the merits of her appeal in the interest of justice. This court presumes that the assignment of error is that the trial court improperly granted default judgment in favor of U.S. Bank.

## *III. The Trial Court's Grant of Default Judgment*

**{¶ 7}** As U.S. Bank correctly argues in its brief, Shipp does not claim the judgment was improper, nor does she request actual relief from the judgment, but simply asks for more time to pursue loss mitigation attempts. The allegations in the complaint were never argued due to the lack of response from Shipp. Because Shipp did not file an answer or otherwise respond to the complaint, U.S. Bank properly moved for default judgment.

**{¶ 8}** The trial court's judgment is governed by Civ.R. 55, which states, in pertinent part: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to judgment by default shall apply in writing or orally to the court therefor * * *." Such a judgment must not be disturbed on appeal unless there is an abuse of discretion by that court. *Wright State Univ. v. Williams*, 2d Dist. Greene No. 12 CA 37, 2012-Ohio-5095, ¶ 5. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 9}** In order to determine whether the default judgment was proper, it must be first decided whether U.S. Bank was the holder of the note in question. As mentioned above, U.S. Bank alleged that it was assigned the note by an allonge. "An allonge is defined as '[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements.' " *HSBC Bank USA v. Thompson*, 2d Dist. Montgomery No. 23761, 2010-Ohio-4158, ¶ 56. "An indorsement on an allonge is valid even though there is sufficient space on the instrument for an indorsement." *Id*. at ¶ 65. Additionally, an allonge may be attached by a

staple to the note. *Id.*

{¶ 10}    The note affixed to U.S. Bank's complaint includes an allonge attached by a staple; the allonge shows no signs of being detached or subject to tampering in any way. The allonge references the note for $117,000, executed by Shipp for the purchase of the property located at 4975 Dayton Liberty Road, Dayton, Ohio 45418.   The allonge appears to be signed by Jennifer Guidicessi, Assistant Vice President of Countrywide Home Loans, Inc., and contains the indorsement "pay to the order of" U.S. Bank, without recourse. Accordingly, the allonge assigning the note from Countrywide Home Loans, Inc., to U.S. Bank was facially valid and enforceable.

{¶ 11}    As holder of the note, U.S. Bank must also give notice to the borrower when it (U.S. Bank) believes there is a default on the mortgage.  In the complaint, U.S. Bank alleged it met all conditions precedent to pursuing a foreclosure action. U.S. Bank must also set forth all damages it believed it was owed in the complaint.   U.S. Bank alleged that at the time of default on the mortgage, Shipp owed $114,228.58, plus interest, on the account.   Upon review of the record, the trial court did not abuse its discretion in granting U.S. Bank's motion for default judgment.

{¶ 12}    In her brief, Shipp states that she made multiple attempts to get the bank to work with her on applying for a loan modification and was denied multiple times.   Later in the brief, Shipp asks for time in order to attempt a short sale of her home, as well as time to move out of the home.   In her notice of appeal, Shipp also claimed that she sought assistance with her loan and the foreclosure action from a private loan assistance company, but they failed to return her calls.   In conducting an appellate review, the court is limited to

the trial court record as it existed at the time the trial court rendered judgment. *E.g., Fifth Third Bank v. Fin. S. Office Partners, Ltd.,* 2d Dist. Montgomery No. 23762, 2010-Ohio-5638. If Shipp believes that grounds exist for setting aside the default judgment, she may be able to file a Civ.R. 60(B) motion with the trial court, setting forth reasons why the default judgment should be set aside. We express no opinion on the merits of such a motion.

### IV. Conclusion

{¶ 13} "[A] defendant in a foreclosure action who has been properly served with the complaint may not sit on his [or her] rights.*" Bank of New York v. Baird*, 2d Dist. Clark No. 2012-CA-28, 2012-Ohio-4975, ¶ 29, citing *GMAC Mortgage, L.L.C. v. Herring*,189 Ohio App.3d 200, 2010-Ohio-3650, 937 N.E.2d 1077, ¶ 47-50 (2d Dist.). Rather, he or she is "required to respond to the complaint, either by filing an answer or by challenging the allegations in the complaint by motion, such as a motion to dismiss, pursuant to Civ.R. 12(B), a motion for a more definite statement under Civ.R. 12(E), or a motion to strike, pursuant to Civ.R. 12(F)." *Herring* at ¶ 50.

{¶ 14} In the case before us, we cannot find that the trial court abused its discretion in granting the bank's motion for default judgment. The assignment of error is overruled.

{¶ 15} The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, P.J. and HALL, J., concur.

Copies mailed to:

Bill L. Purtell
Tamara L. Shipp

Douglas Trout
Hon. Mary L. Wiseman