[Cite as *JPMorgan Chase Bank, N.A. v. Taylor*, 2013-Ohio-2760.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

JPMORGAN CHASE BANK, N.A.                    :

     Plaintiff-Appellee                    :                    C.A. CASE NO.    25568

v.                                           :                    T.C. NO.    12CV7758

CHARLES TAYLOR, et al.                       :                    (Civil appeal from
                                                                  Common Pleas Court)

     Defendant-Appellants                   :

                                             :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the _____28th_____ day of _____June_____, 2013.

. . . . . . . . . .

ANNE MARIE SFERRA, Atty. Reg. No. 0030855 and NELSON M. REID, Atty. Reg. No. 0068434, 100 S. Third Street, Columbus, Ohio 43215
     Attorneys for Plaintiff-Appellee

EDWARD J. DUFFY, JR., Atty. Reg. No. 0018980, P. O. Box 76, 32 N. Dixie Drive, Vandalia, Ohio 45377
     Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}    Charles Taylor appeals from a judgment of the Montgomery County Court

of Common Pleas, which granted a default judgment in the foreclosure action brought by JP Morgan Chase Bank, N.A. (Chase). For the following reasons, the trial court's judgment will be affirmed.

## I. Procedural History

{¶ 2} According to the complaint and Preliminary Judicial Report filed in this case, William Gunsauley, Jr., signed a note in connection with the property located at 5285 Cypress Drive, Dayton, Ohio. The note was secured by a mortgage signed by Mr. Gunsauley and his wife, Carol Gunsauley. The documents were signed on April 15, 2003, and indicate that Gunsauley promised to pay to Bank One, N.A., over a period of 20 years, the principal amount of $65,301.00, plus interest, at a rate of 5.25% per year. The mortgage named William Gunsauley, Jr. as the borrower and Bank One, N.A., as the lender. Bank One, N.A. subsequently merged with JP Morgan Chase Bank, N.A. Sometime after the signing of the note, Mr. Gunsauley died and the title to the property was conveyed to Alyxx Michael William Gunsauley, who then conveyed the title to Charles Taylor, through means of a warranty deed dated July 18, 2011, and recorded the following day.

{¶ 3} On October 30, 2012, Chase filed its Complaint in Foreclosure against Taylor[1], claiming that Gunsauley had defaulted on the note concerning the property. Chase alleged that it is the holder of the note executed by Gunsauley and that the note was in default in the amount of $27,729.16, plus interest. Chase alleged it had complied with all conditions precedent, and was entitled to judgment on the note, foreclosure of the mortgage,

---

[1] The complaint named other potentially interested parties, including Jane Doe, name unknown, spouse of Charles Taylor, the State of Ohio, Estate Tax Division, and the Montgomery County Treasurer. These parties are not relevant to this appeal.

and sale of the property. As the title holder of record, Taylor was named as a defendant to the action.

{¶ 4} On October 31, 2012, Taylor was served the Summons and Complaint by certified mail. Taylor did not respond, move, or plead to the Complaint. On December 6, 2012, Chase moved for default judgment, and the court entered judgment on the note and a decree in foreclosure on December 10, 2012. The Judgment Entry included language under Civ.R. 54(B) to certify the judgment as immediately appealable.

{¶ 5} On December 29, 2012, Taylor moved to vacate the default judgment and to dismiss the Complaint. The trial court issued a briefing schedule on Taylor's combined motion. Taylor filed a notice of appeal from the default judgment on January 9, 2013, and the trial court has not ruled on Taylor's motion to vacate and dismiss.

## II. Assignments of Error

{¶ 6} The trial court's judgment is governed by Civ.R. 55, which states in pertinent part: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * * ." A default judgment must not be disturbed on appeal unless there is an abuse of discretion by the trial court. *Wright State Univ. v. Williams*, 2d Dist. Greene No. 12 CA 37, 2012-Ohio-5095, ¶ 5. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 7} Taylor's first assignment of error states that the trial court erred on its December 10, 2012 judgment entry against Charles Taylor because "[t]he first and second

lines in said decree find 'for default of the Plaintiff.'"

{¶ 8} In his appellate brief and at oral argument, Taylor claims that the trial court erred by finding the Plaintiff (Chase) in default since the judgment entry states "[t]his matter is before the Court on the Motion for Default of the Plaintiff * * *." We do not believe this phrasing means the court found Chase in default. The motion ruled on is the "Motion for Default" of the Plaintiff. The language simply means that the matter was before the court on plaintiff Chase's motion for a default judgment.

{¶ 9} In the same judgment entry, there is additional language that makes it clear that the court did not intend to and did not find that Chase was in default. For example, on the same page as the statement in question, the entry reads: "* * * the allegations contained in the Complaint are true and that there is due and owing to the Plaintiff, upon the subject Note the principal balance of $27,729.16, for which judgment is hereby rendered in favor of the Plaintiff."

{¶ 10} There was no abuse of discretion by the trial court in the language of the judgment entry. Both the individual sentence and the judgment as a whole, reflect that the trial court found in favor of Chase on its motion for default judgment.

{¶ 11} The first assignment of error is overruled.

{¶ 12} Taylor's second assignment of error states "[t]he full complaint of foreclosure of which less than one half was served on Charles Taylor nowhere mentions the notice required by Fair Debt Collection Act [sic] 15 USC Section 1692, making the complaint a nullity."

{¶ 13} Taylor claims that failure to provide the notice as required by the Fair Debt

Collection Practices Act (FDCPA), specifically 15 U.S.C. 1692, makes the complaint a nullity and as a result, the trial court erred, as a matter of law, in finding that Chase was entitled to a judgment because Chase had not given notice of certain rights in its (Chase) initial communication. 15 U.S.C. 1692 provides in pertinent part:

(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

{¶ 14} The FDCPA "is directed at independent debt collectors and not creditors attempting to collect on their own debts." *Bank of New York Trustee v. Damnsel*, 10th Dist. Franklin No. 00AP-46, 2006-Ohio-4071, ¶ 13. Additionally, "[a]s a matter of law, the FDCPA does not apply to creditors, their employees or officers, or their affiliates." *Id*. at ¶ 13. In *Bank of New York v. Barclay*, 10th Dist. Franklin No. 03AP-844, 2004-Ohio-1217, the court noted that:

The stated purpose of the [FDCPA] is to eliminate abusive debt collection practices, Section 1692e, Title 15, U.S.Code, and to that end the Act prohibits

certain actions by debt collectors, such as improper communications, harassing or oppressive behavior, and false or misleading representations, as well as imposing other restrictions and obligations on debt collectors, such as the verification requirement of Section 1692b.

*Barclay* at ¶ 18, citing 15 U.S.C. 1692c, 1692d, and 1692e. Moreover, Chase alleged in the complaint that it had complied with all conditions precedent and this was not contested. The trial court did not abuse its discretion in granting a default judgment because of the FDCPA.

**{¶ 15}** The second assignment of error is overruled.

**{¶ 16}** Taylor's third assignment of error states that "no where in caption [sic] lists a William Gunsauley as a defendant, now deceased."

**{¶ 17}** Taylor argues that because William Gunsauley, deceased, was not listed as a defendant and no effort was made to serve process upon him, the trial court made an error in granting the default judgment. Gunsauley and his wife signed the mortgage on April 15, 2003. Sometime after, Gunsauley died and the title to the Property was eventually transferred to Charles Taylor by warranty deed, dated July 18, 2011, and recorded the following day.

**{¶ 18}** It is a generally accepted principle that a decedent may not be a party to an action. *Hicks v. Estate of Mulvaney*, 2d Dist. Montgomery No. 22721, 2008-Ohio-4391, ¶ 26. This court has recently held that a deceased's estate is not required to be named as a party when the estate had no interest in the foreclosure action. *James B. Nutter & Co. v. Phillips*, 2d Dist. Montgomery No. 25327, 2013-Ohio-184, ¶ 7. Gunsauley's estate did not

own the property in question, and Chase did not seek to hold the estate liable for the debt under the note. Gunsauley was neither alive nor was his estate an interested party. Chase had no obligation to include Gunsauley or the estate as a party to the action in foreclosure.

{¶ 19} The third assignment of error is overruled.

{¶ 20} The fourth assignment of error states that the complaint served upon Charles Taylor "lists a faulty caption page and a second page and [sic] only the 6[th] page of Exhibit A, the purported mortgage."

{¶ 21} In his brief, Taylor contends the complaint served upon him was incomplete in that it only contained pages one and two of the four page document. Additionally, Taylor contends that only page six of the mortgage was attached to the complaint that was served on him. Taylor was served with process on October 31, 2012 by certified mail and the receipt in the record shows it was received and signed for by Doris Lawson, an agent. Additionally, the process server signed and dated the Return Summons stating that personal service had been successfully completed. "In those instances where the plaintiff follows the Civil Rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of non-service." *Carter-Jones Lumber Co. v. Meyers*, 2d Dist. Clark No. 2005 CA 97, 2006-Ohio-5380, ¶ 11. Since this was a default judgment, there was no evidence of non-service before the trial court.

{¶ 22} Taylor has not argued that the service itself was faulty, but that the complaint and mortgage were missing pages. Again, because no answer to the complaint was ever filed, Taylor cannot now argue on appeal that certain pages were missing from

some of the documents he received, and that therefore the trial court erred in granting default judgment.

**{¶ 23}** The fourth assignment of error is overruled.

**{¶ 24}** There is no indication from the trial court record before us that the trial court erred in granting Chase's motion for default judgment. In conducting an appellate review, this court is limited to the trial court record as it existed at the time the trial court rendered judgment. *E.g., Fifth Third Bank v. Fin. S. Office Partners, Ltd.,* 2d Dist. Montgomery No. 23762, 2010-Ohio-5638. Taylor has filed a motion to vacate and dismiss with the trial court, but this appeal was filed prior to that court's ruling, and the motion is pending. This court expresses no opinion on the merits of that motion.

### III. Conclusion

**{¶ 25}** "[A] defendant in a foreclosure action who has been properly served with the complaint may not sit on his rights." *Bank of New York v. Baird*, 2d Dist. Clark No. 2012-CA-28, 2012-Ohio-4975, at ¶ 29, citing *GMAC Mortgage, L.L.C. v. Herring*,189 Ohio App.3d 200, 2010-Ohio-3650, 937 N.E.2d 1077, ¶ 47-50 (2d Dist.). Rather, he or she is "required to respond to the complaint, either by filing an answer or by challenging the allegations in the complaint by motion, such as a motion to dismiss, pursuant to Civ.R. 12(B), a motion for a more definite statement under Civ.R. 12(E), or a motion to strike, pursuant to Civ.R. 12(F)." *Herring* at ¶ 50.

**{¶ 26}** In the case before us, we cannot find that the trial court abused its discretion in granting the default judgment. The assignments of error are overruled, and the trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, P.J. and WELBAUM, J., concur.

Copies mailed to:

Anne Marie Sferra
Nelson M. Reid
Edward J. Duffy, Jr.
Hon. Dennis J. Langer