[Cite as *Husmann & Stemmer v. Miller*, 2014-Ohio-3508.]

IN THE COURT OF APPEALS FOR DARKE COUNTY, OHIO

HUSMANN & STEMMER                  :

    Plaintiff-Appellee               :                C.A. CASE NO.    2013 CA 10

v.                                 :                T.C. NO.    13-CVF-001-0188

ERIC MILLER                        :                (Civil appeal from
                                                    Municipal Court)
    Defendant-Appellant              :

                                   :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____15th_____ day of _____August_____, 2014.

. . . . . . . . . .

LINDA STEMMER, Atty. Reg. No. 0003647, 218 W. Pearl Street, Union City, Ohio 47390
    Attorney for Plaintiff-Appellee

ERIC MILLER, 105 Oak Street, Greenville, Ohio 45331
    Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the September 3, 2013 Notice of Appeal

of Eric Miller. Miller appeals from the August 2, 2013 decision of the trial court that

granted the motion for default judgment of Husmann & Stemmer ("H & S"). We note that H & S did not file a responsive brief. We hereby affirm the judgment of the trial court.

**{¶ 2}** On March 1, 2013, H & S, by counsel, Linda Stemmer, filed a complaint against Miller, asserting that he "is indebted to the Plaintiff in the sum of $10,810.54 for legal services rendered on his behalf, which services were provided to the Defendant at his special insistence and request." Attached to the complaint as Exhibit A is a statement of account.

**{¶ 3}** On May 21, 2013, H & S filed a motion for default judgment, asserting that Miller "was served by Sheriff on the 12th day of March, 2013, and that since that time the Defendant has failed to plead or answer to the complaint." H & S also filed an Affidavit attesting to the amount due and signed by Stemmer.

**{¶ 4}** In its Judgment Entry granting default judgment, the trial court concluded that H & S is "entitled to a default judgment in the amount of $10,810.54, plus accruing interest at the statutory rate of 3%/yr. from the date of judgment, plus court costs."

**{¶ 5}** We initially note that Miller's brief does not comply with the requirements of Rule 16 of the Ohio Rules of Appellate Procedure, which provides in part that an appellate brief must contain a statement of the assignments of error presented for review, as well as a statement of the issues presented for review. As this Court has previously noted, "'[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants.' *Preston v. Shutway*, 2d Dist. Champaign No. 2012 CA 24, 2013–Ohio–185, ¶ 12." *U.S. Bank, N.A. v. Shipp*, 2d Dist. No. 25379, 2013-Ohio-2473, ¶ 6. Miller's brief provides:

I have substantial evidence that Linda Stemmer not only "strung out" my case with regards to the custody of my daughter, but did not know the laws from Indiana to Ohio.

* * *

There were many documents thrown out of court because the plaintiff did not file this particular paperwork that had to do with the mother of my daughter (Melanie) attempting to place abuse charges on me and the Dr.'s report stating that Melanie was trying to get the Dr.'s to go with her story about the abuse. This was a very important document to my case that with the correct paperwork submitted by the plaintiff would have impacted my case with regards to my daughter. I have documentation to back this up.

Furthermore before the decision was made on my part of proceeding with full custody of my daughter the plaintiff gave me a very high percentage of winning the case. The plaintiff gave me a 90% chance of obtaining custody of my daughter. The judge ruled out the paperwork from the Guardian adlitem (sic) report the main basis of the percentages given to me by the plaintiff. If I would have known in advance the Judge was going to rule out the G.A.L. report I would not have furthered with going after custody of my daughter in the first place.

The plaintiff als[o] failed to keep my daughters (sic) mother in Ohio. To date by not having the proper knowledge of Ohio courts, my daughter is now in Guyton GA. 5 states /13 hours away.

These are just 3 reasons why this matter should not be dismissed. I

have many other issues with the plaintiff on why this matter should not be dismissed. I have documentation to support all of these issues and more.

**{¶ 6}** Civ. R. 55 provides:

(A) Entry of Judgment

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; * * *. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

(B) Setting default judgment

If a judgment by default has been entered, the court may set it aside in accordance with Rule 60(B).

**{¶ 7}** "A default judgment must not be disturbed on appeal unless there is an abuse of discretion by the trial court. *Wright State Univ. v. Williams*, 2d Dist. Greene No. 12

CA 37, 2012–Ohio–5095, ¶ 5. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. * * * ." *JPMorgan Chase Bank, N.A. v. Taylor*, 2d Dist. Montgomery No. 25568, 2013-Ohio-2760, ¶ 6.

**{¶ 8}** "Civ.R. 12(A)(1) provides that a defendant must file an answer to a complaint within 28 days after service of the complaint and summons." *Wright State Univ. v. Williams*, 2d Dist. Greene No. 2012-CA-0037, 2012-Ohio-5095, ¶ 6.

**{¶ 9}** The record before us reflects that Miller was served with H & S's complaint on March 12, 2013, and that he failed to appear or request an extension of time to do so. Accordingly, H & S was entitled to move for a default judgment, and the trial court properly granted H & S's motion. Further, the complaint and motion for default judgment clearly set forth the amount owed by Miller, the amount was supported by documentary evidence, and the court awarded the amount set forth in H & S's complaint. For the foregoing reasons, the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, P.J. and HALL, J., concur.

Copies mailed to:

Linda Stemmer
Eric Miller
Hon. Julie L. Monnin