[Cite as *Midland Funding, L.L.C. v. Gilley*, 2019-Ohio-2129.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

MIDLAND FUNDING, LLC                :
                                                    :
          Plaintiff-Appellee              :          Appellate Case No. 28180
                                                    :
v.                                                 :          Trial Court Case No. 2018-CV-4009
                                                    :
KIMBERLY GILLEY                        :          (Civil Appeal from
                                                    :           Common Pleas Court)
          Defendant-Appellant          :
                                                    :

. . . . . . . . . .

O P I N I O N

Rendered on the 31st day of May, 2019.

. . . . . . . . . .

DOUGLAS M. DAHMER, Atty. Reg. No. 0062607, 3705 Marlane Drive, Grove City, Ohio 43123
          Attorney for Plaintiff-Appellee

KIMBERLY GILLEY, 1664 Ashworth Drive, Vandalia, Ohio 45377
          Defendant-Appellant, Pro Se

. . . . . . . . . . . .

HALL, J.

**{¶ 1}** Kimberly Gilley appeals pro se from a default judgment entered against her on appellee Midland Funding's complaint to recover money owed on a credit-card account.

**{¶ 2}** Although Gilley's appellate brief lacks assignments of error as required by App.R. 16(A)(3), she raises arguments addressing Midland Funding's right to payment and her obligations under the credit agreement. Nowhere in her brief, however, does Gilley dispute being served with Midland Funding's complaint or failing to file a responsive pleading.

**{¶ 3}** The record reflects that Midland Funding filed a complaint against Gilley on August 27, 2018. The complaint alleged that Midland Funding owned her credit-card account, that she owed $6,571.25 on the account, and that she had failed to pay the balance despite a demand for payment. (Doc. #1.) Attached to the complaint were an affidavit and assorted documents concerning Gilley's account being written off and sold to Midland Funding. Gilley was served with the complaint. (Doc. #8.) After she failed to file a timely answer or otherwise respond, the trial court entered a notice of default. (Doc. #9.) Midland Funding then filed a motion for default judgment. (Doc. #10.) The motion included an affidavit from a "Legal Specialist" employed by the servicer of Gilley's account. The affidavit stated that on June 18, 2018, Gilley owed a balance of $6,571.25 and that Midland Funding owned the account. On October 12, 2018, the trial court entered a default judgment against Gilley in the foregoing amount plus statutory interest and court costs. (Doc. #12.) Gilley timely appealed.

**{¶ 4}** Under Civ.R. 55, a default judgment may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."

Civ.R. 55(A); *see also Lykins v. Miami Valley Hosp.*, 157 Ohio App.3d 291, 2004-Ohio-2732, 811 N.E.2d 124, ¶ 92 (2d Dist.) ("Civ.R. 55(A) provides that default judgment may be awarded when a defendant fails to make an appearance by filing an answer or otherwise defending an action."). A trial court's entry of default judgment is reviewed for an abuse of discretion. *Wells Fargo Fin. Natl. Bank v. Douglas*, 2d Dist. Montgomery No. 24349, 2011-Ohio-3739, ¶ 17.

{¶ 5} In her appellate brief, Gilley alleges a history of billing disputes concerning her account. She contends, among other things, that she was charged interest prematurely in violation of an "18 months same-as-cash" provision. She also asserts that she misunderstood the legal papers served on her and thought she was supposed to respond to Midland Funding. According to Gilley, she unsuccessfully attempted to obtain supporting documentation from Midland Funding rather than filing an answer to the complaint. In conducting appellate review, however, we are limited to the record before the trial court when it rendered judgment. *U.S. Bank, N.A. v. Shipp*, 2d Dist. Montgomery No. 25379, 2013-Ohio-2473, ¶ 12. Moreover, Gilley's arguments do not negate the fact that she failed to plead or otherwise defend after being served with Midland Funding's complaint. That being so, we see no abuse of discretion in the trial court's entry of a default judgment against her.

{¶ 6} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies sent to:

Douglas M. Dahmer
Kimberly Gilley
Hon. Mary L. Wiseman