[Cite as *Rice v. Poteet*, 2019-Ohio-4797.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| CAROLYN RICE, AS TREASURER OF MONTGOMERY COUNTY, OHIO | : | |
| | : | |
| | : | Appellate Case No. 28414 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2019-CV-109 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| ROGER POTEET | : | Court) |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of November, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE PHIPPS, Atty. Reg. No. 0069829, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

ROGER POTEET, 145 East Market Street, Germantown, Ohio 45327
     Defendant-Appellant, Pro Se

. . . . . . . . . . . .

HALL, J.

{¶ 1} Roger Poteet appeals pro se from the trial court's entry of a default judgment against him on a tax-foreclosure complaint filed by appellee Montgomery County Treasurer.

{¶ 2} Poteet's one-page appellate brief lacks an assignment of error or any substantive argument. In its entirety, it reads: "Notice of appeal my property tax assessment is over assessed for overall condition of my property." Attached to the brief are the following exhibits: (1) a December 2010 letter from a real estate broker opining that the value of Poteet's property located at 145 E. Market Street in Germantown was $68,000, (2) an undated probate court paper for a Samuel Poteet, deceased, identifying his assets as including the property at 145 E. Market Street and valuing it at $68,000, (3) a copy of the 2012 tax bill for the property at 145 E. Market Street in appellant Roger Poteet's name and reflecting an appraised value of $101,570, and (4) a 2011 notice of property value update in Roger Poteet's name showing a value of $101,570 for the property.[1] The Treasurer has moved to strike these exhibits on the grounds that they are not properly before us.

{¶ 3} The record reflects that the Treasurer filed a January 7, 2019 "Complaint for Foreclosure of Delinquent Real Estate Taxes." (Doc. #1.) It alleged that the total amount appellant Poteet owed Montgomery County for "taxes, assessments, charges, and penalties" was $11,738.02. The complaint sought a finding that the Treasurer had a valid first lien in the amount owed. It requested that the equity of redemption be foreclosed and

---

[1] Although it has no bearing on the issue before us, it appears that Samuel Poteet died at some point in the past and appellant Roger Poteet acquired the property.

that the property be sold at a sheriff's sale. Poteet was served with a summons and a copy of the complaint by certified mail through FedEx on January 16, 2019. (Doc. # 7, 10.) He subsequently failed to plead or otherwise defend in the action. On April 24, 2019, the Treasurer moved for a default judgment against Poteet and other potential unknown defendants (who had been served by publication). (Doc. #19.) The trial court sustained the motion and entered a default judgment and decree of foreclosure on April 25, 2019. (Doc. # 22.)

{¶ 4} Default judgments are governed by Civ.R. 55, which provides in part: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor[.]" A trial court's decision to grant a default judgment is reviewed for an abuse of discretion. *Wright State Univ. v. Williams*, 2d Dist. Greene No. 2012 CA 37, 2012-Ohio-5095, ¶ 5. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 5} We see no abuse of discretion in the trial court's entry of a default judgment against Poteet. Under Civ.R. 12(A)(1), a defendant must answer a complaint within 28 days after service of the complaint and summons. Poteet was served on January 16, 2019, and he never filed an answer or otherwise defended. Therefore, the Treasurer was entitled to move for a default judgment on April 24, 2019, and the trial court properly sustained the motion.

{¶ 6} Poteet's assertion that his property is over assessed is not grounds to reverse the trial court's entry of a default judgment. We note too that Poteet's assessment

challenge is not a proper defense to a foreclosure complaint. As the Treasurer points out, R.C. 5715.11 provides a mechanism for a property owner to challenge the county's valuation of real estate for tax-assessment purposes. Nothing in the record indicates that Poteet utilized this statutory process, which is the proper way for him to raise a valuation argument.

{¶ 7} Finally, the State is correct that the exhibits accompanying Poteet's appellate brief are not part of the record on appeal. Although the State has moved to strike the exhibits on that basis, we will allow them to remain in the record because they have no bearing on the outcome of Poteet's appeal. Even if we were to consider the exhibits, the result would be the same. The State's motion to strike is overruled.

{¶ 8} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Michele Phipps
Roger Poteet
Hon. Steven K. Dankof